PATRICIA T. BAILEY AND EBERT L. BAILEY, JR. v. MARVIN C. GOODING, SEASHORE TRANSPORTATION COMPANY, AND CAROLINA COACH COMPANY

No. 818SC1266

(Filed 1 February 1983)

1. **Courts § 9; Rules of Civil Procedure § 55— entry of default—error for one superior court judge to review ruling of another**

   Where defendants failed to answer within the time allowed by G.S. 1A-1, Rule 12(a)(1) and an entry of default was entered against defendant pursuant to G.S. 1A-1, Rule 55, it was error for one superior court judge to set aside the "judgment" of another superior court judge which had denied defendants' motion to set aside the clerk's entry of default. The second judge's order was void for two reasons: (1) The judge set aside the entry of default pursuant to G.S. 1A-1, Rule 60(b) and an entry of default may be set aside only by motion pursuant to G.S. 1A-1, Rule 55(d) and a showing of good cause. (2) Even had the second judge made a necessary finding of good cause to set aside the entry of default, the order would have been void because a ruling on the question of good cause had already been made by the first judge.

2. **Rules of Civil Procedure §§ 55.1, 60— entry of default—use of wrong rule not prejudicial error**

   Where a trial judge refused to set aside an entry of default and used the standards pursuant to G.S. 1A-1, Rule 60(b) instead of the standards pursuant to G.S. 1A-1, Rule 55(d), the error was harmless since the trial judge also clearly applied the "good cause" standard of Rule 55(d).

3. **Rules of Civil Procedure § 55— failure to set aside entry of default—no error**

   The trial judge did not abuse his discretion in failing to find good cause to set aside the clerk's entry of default where the evidence tended to show that defendants' answer was filed four months after expiration of the time allowed for filing answer and more than one month after default was entered and where there was nothing in the record to indicate what actions defendants took during this time to defend the case other than to deliver the suit papers to the insurance carrier.

APPEAL by plaintiffs from order of *Stevens, Judge,* entered 9 May 1979 in Superior Court, WAYNE County, and from judgment of *Tillery, Judge,* entered 27 May 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 17 September 1982.

This negligence action arises out of a collision on 6 February 1977 between a car driven by plaintiff Patricia T. Bailey and owned by plaintiff Ebert L. Bailey, Jr., and a bus driven by defendant Marvin C. Gooding, an employee of defendant Seashore Transportation Company, who leased the bus from defendant Carolina Coach Company.

Complaint was filed by plaintiffs on 16 June 1977. Defendants were properly served, but, for reasons to be discussed later in this opinion, failed to answer within the time allowed by G.S. 1A-1, Rule 12(a)(1). Upon motion by plaintiffs, default was entered by the clerk of superior court on 17 October 1977. Plaintiffs filed motion for default judgment on 20 October 1977, and on 28 October 1977 defendants filed a motion to set aside the entry of default and a response to the motion for default judgment. Defendants filed an unverified answer to the suit on 22 November 1977.

On 6 February 1978, Judge David I. Smith entered an order denying defendants' motion to set aside the clerk's entry of default. Judge Smith also entered a "judgment" determining the issue of liability against defendants and ordering that the case be placed on the trial calendar on the issue of damages.

On 2 June 1978, before trial on the damage issue was held, defendants moved pursuant to Rule 60(b) to set aside the "judgment" of Judge Smith on grounds of mistake, inadvertence, surprise and excusable neglect. Defendants also alleged a meritorious defense. This motion was allowed on 9 May 1979 by Judge Henry Stevens. Plaintiffs attempted an immediate appeal of the order of Judge Stevens, but the appeal was dismissed as premature. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980).

Following a jury trial on the merits, judgment was entered finding defendants negligent and plaintiff Patricia Bailey contributorily negligent and awarding no damages to plaintiffs. Plaintiffs appeal from both the final judgment and the interlocutory order of Judge Stevens setting aside the default previously entered in their behalf.

*Freeman, Edwards & Vincent, by George K. Freeman, and Narron, Holdford, Babb, Harrison & Rhodes, by William H. Holdford, for plaintiff-appellants.*

*Young, Moore, Henderson & Alvis, by Walter Brock, Jr., and B. T. Henderson, II, for defendant-appellees.*

MARTIN, Judge.[1]

[1] We first consider the interlocutory order of Judge Stevens. This order is void and must be vacated for two reasons. First, the "judgment" which it purports to set aside pursuant to Rule 60(b) was an entry of default, not a final judgment by default. *Pendley v. Ayers*, 45 N.C. App. 692, 263 S.E. 2d 833 (1980). Rule 60(b), by its express terms, applies only to final judgments. An entry of default may be set aside, not by motion pursuant to Rule 60(b), but by motion pursuant to Rule 55(d) and a showing of good cause. *Pendley v. Ayers, supra.* Second, even had defendants proceeded properly under Rule 55(d) and were we to construe the order of Judge Stevens to contain the necessary finding of good cause to set aside the entry of default, the order would be void because a ruling on the question of good cause had already been made by Judge Smith. Generally, one superior court judge cannot overrule another. *In re Burton*, 257 N.C. 534, 126 S.E. 2d 581 (1962). This rule is applicable even in a case involving an interlocutory order where there is no showing of changed circumstances since the entry of the interlocutory order. In making his determination that defendants' default was caused by excusable neglect, which necessarily encompasses a finding of good cause, Judge Stevens considered nothing more than the matters previously considered by Judge Smith. Although Judge Smith was considering a motion to set aside entry of default by the clerk, whereas the question before Judge Stevens was the propriety of the entry of default by Judge Smith, resolution of both matters required a determination of the same issue, i.e., whether good cause existed to set aside entry of default against defendants. Judge Smith found that it did not. No showing of changed circumstances having been made by defendants, Judge Stevens

---

1. This opinion was written in accordance with the Court's decision made prior to Judge Martin's retirement and was adopted by the Court and ordered filed after he retired.

was not at liberty to overrule Judge Smith's finding on the issue of good cause.

By vacating the order of Judge Stevens, we have reinstated Judge Smith's orders wherein he refused to set aside the clerk's entry of default and ordered the matter calendared for trial on the issue of damages. Defendants have cross-assigned error to these orders on two grounds: (1) that Judge Smith erroneously applied the stricter standards of Rule 60(b), applicable to motions to set aside default judgments, rather than the "good cause" standard of Rule 55(d), applicable to motions to set aside entry of default; and (2) that Judge Smith abused his discretion in failing to find good cause to set aside the clerk's entry of default.

[2]  As to (1), we have previously stated that a motion to set aside entry of default is governed by the first clause of Rule 55(d) that, "[f]or good cause shown, the court may set aside an entry of default." This standard is more lax than that required for setting aside a default judgment pursuant to Rule 60(b), which requires the presence of "mistake, inadvertence, or excusable neglect." In denying defendants' motion to set aside entry of default, Judge Smith stated as follows:

> [I]t appearing to the Court . . . that the failure of the defendants to file answer or otherwise plead or appear in this action was not due to any of the reasons justifying relief set out in Rule 60(b) and good cause has not been shown for the setting aside of said entry.

Although Judge Smith apparently applied the stricter standards of Rule 60(b), this error was harmless since he also clearly applied the correct "good cause" standard of Rule 55(d). Had Judge Smith failed to make this additional finding of good cause, the erroneous application of Rule 60(b) would have been reversible error. *Realty, Inc. v. Hastings*, 45 N.C. App. 307, 262 S.E. 2d 858 (1980). Because he also applied the correct test of "good cause," however, the reference to Rule 60(b) was surplusage and does not require reversal of the order denying defendants' motion to set aside entry of default. *See Hubbard v. Lumley*, 17 N.C. App. 649, 195 S.E. 2d 330 (1973); *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970). Defendants argue that the cited cases are inapplicable because in each of those cases the trial court allowed the motion to set aside entry of default upon finding both good cause and the

requisites of Rule 60(b). We believe the principle espoused in those cases applies to cases involving the denial of motions to set aside entry of default as well. There is a presumption in favor of the validity of judgments in the lower courts, and the burden is on appellant to show prejudicial error. When an order recites two bases as its support, one of which is correct and the other incorrect, the order will be referred to that basis which is sufficient to support it. *See London v. London*, 271 N.C. 568, 157 S.E. 2d 90 (1967).

[3] As to (2), that Judge Smith abused his discretion in failing to find good cause to set aside the clerk's entry of default, the determination of whether good cause has been shown rests within the discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Britt v. Georgia-Pacific Corp.*, 46 N.C. App. 107, 264 S.E. 2d 395 (1980); *Frye v. Wiles*, 33 N.C. App. 581, 235 S.E. 2d 889 (1977). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E. 2d 58, 63 (1980). The facts and circumstances of the particular case govern the determination of whether "good cause" has been shown by the movant, who bears the burden of proof. *Whaley v. Rhodes, supra.*

In their motion to set aside the clerk's entry of default, defendants alleged that their failure to file a timely answer was the result of mistake by defendant Seashore Transportation's insurance carrier. The affidavits and exhibits filed in support of and in opposition to the motion disclose the following sequence of events: On 11 May 1977 plaintiffs' attorney wrote a letter to defendant Seashore Transportation and requested that Seashore Transportation forward the letter to its insurance carrier and have the carrier contact plaintiffs' attorney concerning the collision. Plaintiffs received no further communication, and on 16 June 1977 they filed suit against defendants. All defendants had been served by 22 June 1977. On 7 July 1977, W. S. Pearce, Jr., an insurance adjuster for defendant Seashore Transportation's insurance carrier, received copies of the suit papers and proceeded to the office of plaintiffs' attorney to discuss the claim. The following day, plaintiffs' attorney wrote Pearce:

> In line with our agreement this date I write to confirm that I will not take an entry of default in this case until our

negotiations break down. As I understand it you will be back in touch with me around the first of August and at that time we will either give you a further continuance or decide to procede (sic) with the suit. At that time if the negotiations break down we will give you additional time within which to secure counsel and file answer.

Plaintiffs' attorney did not hear from Pearce by 1 August, and on 10 August wrote Pearce:

As I recall from our conversation of July 7th, you were to let me hear from you on or about August 1st. I would appreciate it if you would advise me as soon as possible as to your Company's position regarding liability.

I am still unable to furnish you complete medicals in this case since Mrs. Bailey is still having to go to the doctor and still having considerable trouble.

In any event I would appreciate it if you would let me hear from you at your earliest convenience.

Pearce wrote plaintiffs' attorney in reply on 22 August:

I am sorry that I was not able to get back to you at the planned time. I attempted on numerous occasions to get in touch with the witness without success. I have now been able to talk to her by telephone. I have an appointment on 9-1-77 to obtain her statement and I hope that I will be able to be in touch with you in the very near future after that date.

Pearce was not able to interview the witness as planned. He states in his affidavit that he called plaintiffs' attorney on 15 September 1977 and, upon being informed that the attorney was out, left word that he was still investigating the matter and would get back to the attorney. Plaintiffs' attorney denies ever receiving such a message.

Having heard nothing further from anyone for defendants, plaintiffs' attorney caused a default to be entered before the clerk on 17 October 1977. The next day he received a letter from attorney B. T. Henderson informing him that Henderson's firm had been retained by the insurance carrier and requesting an extension of time to file answer. Plaintiffs' attorney advised Henderson by phone that default had been entered the previous day.

The facts recited above "do not compel a conclusion that appellant[s] demonstrated good cause to have the entry of default set aside." *Howell v. Haliburton,* 22 N.C. App. 40, 42, 205 S.E. 2d 617, 618 (1974). We thus cannot say that the action of Judge Smith in failing to find good cause was "manifestly unsupported by reason" constituting an abuse of discretion. *Clark v. Clark, supra.*

Defendants' answer was filed four months after expiration of the time allowed for filing answer and more than one month after default was entered. There is nothing in the record to indicate what actions defendants took during this time to defend the case other than to deliver the suit papers to the insurance carrier. Continued inattention by a defendant in a lawsuit does not constitute good cause to set aside an entry of default. *Howell v. Haliburton, supra; cf. Hubbard v. Lumley, supra* (no abuse in finding of good cause where defendant was incorrectly informed by insurer that it was not responsible for defendant's defense and where answer was filed promptly upon learning of mistake); *Whaley v. Rhodes, supra* (no abuse in finding of good cause where defendant was assured by his insurance agent three weeks after delivering suit papers to him that everything was being taken care of and where default was entered four days after expiration of the time to file answer).

Further, the actions of the insurance carrier do not compel a finding of good cause. Pearce states in his affidavit that at the time default was entered, he did not think that negotiations had broken down such that his agreement with plaintiffs' attorney not to enter default had terminated. The facts reveal, however, that Pearce had not contacted plaintiffs' attorney for more than one month prior to the entry of default and had retained counsel to defend in the case during that time. At no other time prior to entry of default had contact between Pearce and plaintiffs' attorney ceased for such a lengthy period of time. These facts belie Pearce's assertion that he was continuing to negotiate with plaintiffs' attorney at the time of entry of default. The agreement by plaintiffs' attorney not to seek entry of default until negotiations broke down had expired and did not constitute good cause to set aside the default entered on 17 October 1977. *Cf. Webb v. James,* 46 N.C. App. 551, 265 S.E. 2d 642 (1980) (an agreement by the plaintiff to continue the cause until the next term of court did not

constitute good cause from the expiration of that agreement until the entry of default).

This Court seldom has found an abuse of discretion by the trial court in failing to set aside a default judgment. In *Peebles v. Moore,* 48 N.C. App. 497, 269 S.E. 2d 694 (1980), *modified and aff'd,* 302 N.C. 351, 275 S.E. 2d 833 (1981), the determinative factors in setting aside the default were that the defendant's failure timely to file answer was not due to any fault of the defendant but due to an inadvertence on the part of the defendant's insurer and that defense counsel promptly filed an answer upon discovering that a mistake had been made. Neither of those factors are present in this case. *See also Byrd v. Mortenson,* 60 N.C. App. 85, --- S.E. 2d --- (1982).

Our holding renders unnecessary review of the judgment entered following trial on the merits in this case. That judgment is vacated, and the case is remanded to the trial court for trial on the issue of damages.

Judgment and order vacated and remanded.

Judges ARNOLD and WHICHARD concur.