FAUCETTE v. DICKERSON

[103 N.C. App. 620 (1991)]

---

T. SANFORD FAUCETTE AND WIFE, SHIRLEY D. FAUCETTE v. ROBERT L. DICKERSON AND WIFE, REBECCA DICKERSON

No. 909DC1069

(Filed 6 August 1991)

1. **Rules of Civil Procedure §§ 55.1, 60 (NCI3d) — entry of default and default judgment—refusal to set aside—no abuse of discretion**

The trial court did not abuse its discretion in refusing to set aside an entry of default pursuant to Rule 55(d) and a judgment by default pursuant to Rule 60(b) on the ground of fraud in an action on a promissory note. N.C.G.S. § 1A-1, Rules 55(d) and 60(b).

**Am Jur 2d, Judgments §§ 725, 781.**

2. **Appearance § 6 (NCI4th) — motion to claim exempt property — general appearance—waiver of invalid process**

Defendant made a general appearance and submitted herself to the jurisdiction of the court when she filed a motion to claim exempt property after a default judgment was entered,

and her motion to set aside the default judgment on the ground of invalidity of service of process was thus properly denied.

**Am Jur 2d, Appearance §§ 30, 31; Judgments §§ 757, 1173.**

**Motion to vacate judgment or order as constituting general appearance. 31 ALR2d 262.**

APPEAL by defendants from order entered 30 April 1990 by *Judge C. W. Wilkinson, Jr.* in VANCE County District Court. Heard in the Court of Appeals 9 May 1991.

On 12 September 1988, plaintiffs filed a complaint in which they alleged that defendants executed a promissory note providing that defendants would pay plaintiffs $30,000 "for the purchase of ten thousand pounds of tobacco, which . . . was previously held and owned by the Plaintiffs" and that they failed to pay in accordance with the note. Defendants did not file answers to plaintiffs' complaint, and Entry of Default was entered by the Clerk of Superior Court of Vance County against the defendants on 21 October 1988. Judgment by Default was entered by the Clerk against the defendants in the amount of $21,357 on the same date.

On 12 December 1988, a notice of right to have exemptions designated was issued in the case as to each defendant and was served 24 January 1989. A motion to claim exempt property was thereafter made by each defendant on 13 February 1989, and an order designating exempt property was filed by the Clerk of Superior Court on 20 February 1989. Execution was issued 20 February 1989, and the property was seized by levy on 28 February 1989. Defendants filed a Chapter 13 petition under the U.S. Bankruptcy Code which was dismissed on 30 October 1989.

Prior to the dismissal of defendants' bankruptcy petition, on 20 October 1989 each defendant filed a motion for relief from the judgment in the original civil case and a motion to set aside entry of default, judgment by default, and a motion for order allowing time to answer the complaint. On 30 April 1990, the trial court entered an order dismissing defendants' motions.

From this order, defendants appeal.

*Stainback & Satterwhite, by Paul J. Stainback, for plaintiff-appellees.*

*Larry E. Norman for defendant-appellants.*

## FAUCETTE v. DICKERSON

[103 N.C. App. 620 (1991)]

ORR, Judge.

The issue on appeal is whether the trial court erred in denying defendants' motions for relief from judgment and motions to set aside entry of default and judgment by default pursuant to N.C. Gen. Stat. § 1A-1, Rules 55 and 60 (1990). For the reasons set forth below, we affirm the order of the trial court.

Defendants argue that the trial court erred in denying defendant Robert Dickerson's motion "to set aside entry of default and judgment by default and motion for relief from judgment." Entry of default by the clerk is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit . . . otherwise." N.C. Gen. Stat. § 1A-1, Rule 55(a). Under Rule 55(d), an entry of default may be set aside:

> (d) *Setting aside default.*—For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b).

Under Rule 60(b), judgment by default may be set aside for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovered evidence . . . ;
>
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) The judgment is void;
>
> (5) The judgment has been satisfied, . . . ; or
>
> (6) Any other reason justifying relief from the operation of the judgment.

Plaintiff argues that defendant Robert Dickerson moved to set aside entry of default pursuant to Rule 60 instead of Rule 55(d) and contends that "therefore his appeal has no merit." Defendants moved for the trial court to set aside entry of default and default judgment pursuant to Rule 60. "An entry of default may be set aside, not by motion pursuant to Rule 60(b), but by motion pursuant to Rule 55(d) and a showing of good cause." *Bailey v.*

*Gooding*, 60 N.C. App. 459, 461, 299 S.E.2d 267, 269, *disc. review denied*, 308 N.C. 675, 304 S.E.2d 753 (1983). "The failure to state a particular rule number as the basis for a motion is not a fatal error so long as the substantive grounds and relief desired are apparent and the opponent of the motion is not prejudiced thereby." *Garrison v. Garrison*, 87 N.C. App. 591, 596, 361 S.E.2d 921, 925 (1987).

In defendants' brief they argue in the first question presented that Robert Dickerson's motion to set aside entry of default and judgment by default and motion for relief from judgment should have been granted. Then defendants contend that the default judgment should have been set aside under 60(b)(3) or (4) on the grounds of fraud.

[1] A motion to set aside an entry of default pursuant to Rule 55(d) is within the sound discretion of the trial court and will not be disturbed except for an abuse of discretion. *Coulbourn Lumber Co. v. Grizzard*, 51 N.C. App. 561, 563, 277 S.E.2d 95, 96 (1981). Motions pursuant to Rule 60(b) also are within the sound discretion of the trial court and will be disturbed only for an abuse of discretion. *Vuncannon v. Vuncannon*, 82 N.C. App. 255, 258, 346 S.E.2d 274, 276 (1986); *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975). The trial court's findings of fact are conclusive on appeal if supported by competent evidence. *In re Oxford Plastics v. Goodson*, 74 N.C. App. 256, 259, 328 S.E.2d 7, 9 (1985). Upon reviewing the evidence, we conclude that the trial court did not abuse its discretion in refusing to set aside the entry of default and judgment by default.

[2] Defendants also argue that the trial court erred in denying defendant Rebecca Dickerson's motion to set aside entry of default and judgment by default on the grounds that the judgment is void because the service of process was invalid. We disagree.

We need not decide whether the service of process was invalid. A North Carolina court which has subject matter jurisdiction in an action may exercise jurisdiction over a person making a general appearance in an action without service of process. N.C. Gen. Stat. § 1-75.7 (1983). "[T]he concept of a 'general appearance' . . . should be given a liberal interpretation." *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 248, 243 S.E.2d 412, 414, *disc. review denied*, 295 N.C. 465, 246 S.E.2d 215 (1978). "[V]irtually any action other than a motion to dismiss for lack of jurisdiction constitutes a general appearance in a court having subject matter jurisdiction." *Jerson*

*v. Jerson*, 68 N.C. App. 738, 739, 315 S.E.2d 522, 523 (1984). "[I]f the defendant by motion or otherwise invokes the adjudicatory powers of the court in any other matter not directly related to the questions of jurisdiction, he has made a general appearance and has submitted himself to the jurisdiction of the court whether he intended to or not." *Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E.2d 279, 288 (1978), *disc. review denied and appeal dismissed*, 296 N.C. 740, 254 S.E.2d 181 (1979).

Here the complaint was filed and summons was issued on 12 September 1988. On 16 September 1988, defendant Robert Dickerson was served, and defendant Rebecca Dickerson was served by the Deputy Sheriff by giving "copy to husband Robert L. Dickerson." Entry of default and judgment by default were entered against defendants 21 October 1988. On 12 December 1988, a notice of right to have exemptions designated was issued as to each defendant and served 24 January 1989. On 13 February 1989, a verified motion to claim exempt property was made by each defendant, and an order designating exempt property was filed by the Clerk of the Superior Court of Vance County on 20 February 1989.

Defendant Rebecca Dickerson filed a motion to claim exempt property which was inconsistent with her later motion for relief from judgment on the grounds of the invalidity of service of process. Therefore, we conclude defendant Rebecca Dickerson made a general appearance, and her subsequent motion for relief from judgment on the grounds of the invalidity of service of process was properly dismissed.

For the reasons above, we affirm the decision of the trial court.

Affirmed.

Judges COZORT and WYNN concur.