Slattery v. AppyCity, LLC, 2022 NCBC 8.

STATE OF NORTH CAROLINA

WAKE COUNTY

JOHN SLATTERY,

       Plaintiff,

v.

APPYCITY, LLC; TIMOTHY S.
FIELDS; MELISSA CRETE; and
DAISY MAE FOWLER a/k/a DAISY
MAE BARBER,

       Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 12382

**ORDER AND OPINION ON MOTION
TO SET ASIDE ENTRY OF DEFAULT,
VACATE SUMMARY JUDGMENT
ORDER, AND STAY ENFORCEMENT
PROCEEDINGS**

1.     This matter is before the Court on Defendant Daisy Fowler Barber's ("Defendant Barber") Motion to Set Aside Entry of Default, Vacate Summary Judgment Order, and Stay Enforcement Proceedings (the "Motion") filed on 4 October 2021.[1] (ECF No. 42.) The Motion, filed pursuant to Rules 55 and 60 of the North Carolina Rules of Civil Procedure (the "Rules"), seeks to vacate the Court's Order and Opinion on Motion for Summary Judgment entered 24 March 2021 and set aside its prior Order on Motion for Entry of Default entered 28 July 2020, (ECF Nos. 26 and 36), which together resulted in a judgment against Defendant Barber in the total amount of $2,000,000.00.

2.     For the reasons set forth in this Order and Opinion, the Court hereby **DENIES** the Motion.

---

[1] The Motion to Stay Enforcement Proceedings portion of the Motion was ruled on previously, (ECF No. 47), after a limited hearing was held on 6 October 2021, (*see* Not. Hearing, ECF No. 46). The remaining Motion to Set Aside Entry of Default and Motion to Vacate Summary Judgment Order are the subject of this Order and Opinion. Upon issuance of this Order and Opinion, the Order to Stay Judgment Enforcement Proceedings, (ECF No. 47), is lifted.

*Tuggle Duggins P.A., by Jeffrey S. Southerland and Benjamin P. Hintze for Plaintiff John Slattery.*

*Wilson Ratledge PLLC, by Reginald B. Gillespie, Jr., and Alexandra Bradley for Defendant Daisy Mae Fowler a/k/a Daisy Mae Barber.*

Robinson, Judge.

## I.    INTRODUCTION

3.    This action arises out of certain Defendants'[2] alleged wrongful conduct, including alleged false promises of unique and valuable technology and misrepresentations concerning potential profits, which Plaintiff John Slattery ("Slattery") contends induced him to invest in AppyCity, a sham technology company. (Am. Compl., ECF No. 11 ["Am. Compl."].)  Slattery alleges that Fields and Crete, acting on their own behalf and on behalf of AppyCity as its agents, convinced Slattery to invest $500,000.00 in AppyCity. (Am. Compl. ¶¶ 20–25.)  Those funds were then allegedly diverted out of AppyCity, with Defendant Barber and Bowman's assistance, for the benefit of Fields and Crete. (Am. Compl. ¶ 7–10.)  These alleged acts form the basis for Slattery's claims for fraud and negligent misrepresentation against Fields, Crete, and AppyCity, breach of fiduciary duty and constructive fraud against Fields and Crete, and unfair and deceptive trade practices and civil conspiracy against all Defendants including Defendant Barber.

---

[2] The action was originally initiated against AppyCity, LLC ("AppyCity"), Timothy S. Fields ("Fields"), and Melissa Crete ("Crete"). (Compl., ECF No. 3.)  After adding Pamela Bowman ("Bowman") and Defendant Barber as Defendants by Amended Complaint, (ECF No. 11), Slattery dismissed without prejudice his claims against Bowman, (Voluntary Dismissal Without Prej., ECF No. 34).

## II.    PROCEDURAL HISTORY

4.    Slattery initiated this lawsuit on 11 September 2019 upon filing his Complaint.  (ECF No. 3.)  This case was designated to the Business Court by Order of the Chief Justice of the Supreme Court of North Carolina that same day, (ECF No. 1), and then assigned to the undersigned by Order of the Chief Business Court Judge on 12 September 2019, (ECF No. 2).  On 7 February 2020, Slattery filed the Amended Complaint, adding Defendant Barber and Bowman as Defendants to this action.

5.    On 28 July 2020, the Court by written order entered default pursuant to Rule 55(a) against AppyCity, Fields, Crete, Defendant Barber, and Bowman based on evidence provided by Plaintiff of service upon each Defendant coupled with Defendants' failure to timely answer or otherwise respond to Slattery's Amended Complaint.  (Order Mots. Entry Default, ECF No. 26.)

6.    Slattery thereafter filed his Motion for Summary Judgment seeking summary judgment against all Defendants along with two supporting affidavits and Slattery's Brief in Support of Motion for Summary Judgment.  (ECF Nos. 29–30.) Despite Slattery's counsel's filing of Affidavits of Service, regarding service of process, and Certificates of Service, for the Motion for Summary Judgment and Notice of Hearing on the Motion for Summary Judgment, (*see* ECF Nos. 12–15 and 33), none of the Defendants formally responded.

7.    Following a hearing on 17 November 2020, (*see* ECF No. 31), the Court entered its Order and Opinion on Motion for Summary Judgment, (ECF No. 36).

8.      Following recordation of the judgment on 1 April 2021 in the office of the Wake County Register of Deeds, Slattery served on Defendant Barber, on or around 4 June 2021, a Notice of Rights to Claim Exemptions.  (ECF No. 43, ¶¶ 23 and 28.)  In response, on 23 June 2021, Defendant Barber timely filed with the Wake County Clerk of Court her Motion to Claim Exempt Property (Statutory Exemptions) ("Motion to Claim Exemptions").  (ECF No. 44.4.)  That document, signed by Defendant Barber,[3] sought to claim as exempt from execution certain real and personal property.

---

[3] Defendant Barber, alongside the instant Motion, filed a document entitled "Request for Judicial Notice" (the "First Request").  (ECF No. 44.)  A Second Request for Judicial Notice followed on 20 December 2021.  (ECF No. 61.)  Exhibit 4 of the First Request is the Motion to Claim Exemptions filed by Defendant Barber in this action on 23 June 2021.  (ECF No. 44.4.)  Defendant Barber requests that the Court take judicial notice of this filing.  The Court notes that until Defendant Barber filed the Motion, none of the post-judgment filings by the parties with the Wake County Clerk of Superior Court were filed with the Business Court. Judicial notice is properly taken by the Court of "adjudicative facts."  The filings of record in this very action are not "adjudicative facts" of which the Court would properly take judicial notice.  *See generally* official commentary to N.C.G.S. § 8C-1, Rule 201.  Nonetheless, the document in question was filed with the Wake County Clerk of Superior Court in this action on 23 June 2021, is a part of the record before the Court, and is properly considered by the Court on the pending motion.  (*See also* n.5, *infra*.)  On this document, Defendant Barber filled out the "Name Of Judgement Debtor (Defendant)" as "Daisy Mae Fowler/Johnson/Barber."  Pursuant to the wording on the form, she indicated that she wished to claim as exempt her residence located at 260 Stephanie Street, Southern Pines, North Carolina 28387.  She further indicated that the property was previously owned by her as a tenant by the entireties or a joint tenant with right of survivorship and the former co-owner is deceased.  She also indicated that the residence where she lived is owned by "Daisy Mae Limm."  She indicated that she owned an automobile titled in the name of "Daisy Fowler Barber."  She signed the document "Daisy F. Barber" at two separate places in spaces titled "Signature Of Judgment Debtor/Attorney For Debtor (Defendant)."  Under the space beside Defendant Barber's signature, where the typed statement on the form indicates "Address And Phone Number Of Attorney For Debtor (Defendant)" a handwritten statement provides "Looking For Her A Attorney Presently," and in a space below that, at the bottom of the last page, the statement appears in handwriting: "I Am Daisy Son Melvin Fields. Helping Her. 2673 Scarecrow Way. Myrtle Beach SC. 29579 843-450-3038."

9. On 1 July 2021, Slattery filed with the Wake County Clerk of Superior Court his Objections to Motion to Claim Exempt Property. (ECF No. 44.6.)

10. After retaining counsel, over three months later, on 4 October 2021, Defendant Barber, through counsel, filed the Motion.

11. The Motion has been fully briefed by Slattery and Defendant Barber. (Br. Supp. Def. Barber's Mot. Set Aside Default [and] Vacate Summ. J. Order, ECF No. 45 ["Br. Supp."]; Resp. Br. Opp'n Def. Barber's Mot. Set Aside Entry Default [and] Vacate Summ. J. Order, ECF No. 51 ["Br. Opp'n"]; and Reply Br. Supp. Def. Barber's Mot. Set Aside Entry Default and Vacate Summ. J. Order, ECF No. 63 ["Reply Br."].) The Court held a hearing on the Motion on 9 February 2022. (*See* ECF No. 67.) The Motion is ripe for decision.

### III.   LEGAL STANDARD

### <u>RULE 55(d)</u>

12. Rule 55(d) provides that "[f]or good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C.G.S. § 1A-1, Rule 55(d).

13. "What constitutes 'good cause' depends on the circumstances . . . and within the limits of discretion, an inadvertence which is not strictly excusable may constitute good cause, particularly where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant." *Peebles v. Moore*, 48 N.C. App. 497, 504 (1980) (quoting *Whaley v. Rhodes*, 10 N.C. App. 109, 112 (1970) (cleaned up)); *see also Auto. Equip. Distrib., Inc. v. Petroleum Equip. & Serv., Inc.*, 87 N.C. App. 606, 608 (1987).

14.     The "good cause" standard under Rule 55(d) for setting aside entry of default "is more lax than that required for setting aside a default judgment pursuant to Rule 60(b), which requires the presence of 'mistake, inadvertence, or excusable neglect.' " *Bailey v. Gooding*, 60 N.C. App. 459, 462 (1983).

15.     "The law generally disfavors default and any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits." *Sec. Credit Leasing, Inc. v. D.J.'s of Salisbury, Inc.*, 140 N.C. App. 521, 528 (2000) (quoting *Peebles*, 48 N.C. App. at 504–05 (cleaned up)). Whether to grant a motion to set aside an entry of default is in the sound discretion of the trial judge. *Emick v. Sunset Beach & Twin Lakes, Inc.*, 180 N.C. App. 582, 589–90 (2006).

### RULE 60(b)

16.     Defendant Barber moves for relief from the summary judgment order pursuant to Rules 60(b)(4) and 60(b)(6). (Br. Supp. 1–2.) Rule 60(b)(4) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding . . . [where] [t]he judgment is void[,]" and Rule 60(b)(6) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding for . . . [a]ny other reason justifying relief from the operation of the judgment." N.C.G.S. § 1A-1, Rule 60(b). A Rule 60(b) motion under Rule 60(b)(4)–(6) "shall be made within a reasonable time[,]" after judgment is entered. *Id.* "[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court." *Sink v. Easter*, 288 N.C. 183, 198 (1975); *see also County of Mecklenburg v. Ryan,* 2022-NCCOA-90, 9 (internal citations omitted).

17.     Case law interpreting Rule 60(b)(4) makes clear that "[a] judgment is void . . . when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." *Burton v. Blanton*, 107 N.C. App. 615, 616 (1992) (citing *In re Brown*, 23 N.C. App. 109 (1974)).

18.     To obtain relief under Rule 60(b)(6), the movant must satisfy a three-part test: "(1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense." *Wiley v. L3 Commc'ns Vertex Aerospace, LLC*, 251 N.C. App. 354, 361 (2016) (quoting *Gibby v. Lindsey*, 149 N.C. App. 470, 474 (2002)).

## IV. ANALYSIS

19.     Defendant Barber contends that she was not properly served with the Summons and Amended Complaint and, thus, that the Court lacked personal jurisdiction at the time the Court entered judgment against her. (*See* Br. Supp. 3–5, and 7–13.) Defendant Barber supports this argument with substantial evidence.[4]

20.     The evidence before the Court tends to show that Slattery attempted to serve Defendant Barber by use of Federal Express (commonly known as "FedEx") with a "signature required" method of delivery. (Br. Supp. 3.) Rather than deliver the package containing the Summons and Amended Complaint to Slattery at her residence, FedEx apparently: (1) left the package at a local retail drug store (Walgreens) with which FedEx has a cooperation relationship; and (2) left a notice for

---

[4] To the extent Defendant Barber has requested the Court to "take judicial notice" of certain materials and filings in this action, (*see* ECF Nos. 44 and 61), the Court has fully considered these materials in reaching its decision herein.

Defendant Barber somewhere advising her that a package was awaiting her at the store for retrieval. (Br. Supp. 4 and 16.)

21. The evidence shows that the address used by Slattery on the FedEx package was not Defendant Barber's address, and further that there is no location in existence with the address used by Slattery in his attempt to serve Defendant Barber with process. (Br. Supp. 3–4; Ex. 1 to Second Req. Jud. Not., ECF No. 61.1.) There is no evidence of record indicating exactly where, if at all, the FedEx delivery driver may have left a notice about the package for Defendant Barber. Further, there is no credible evidence of record that FedEx even actually left a notice for Defendant Barber at a residence that existed or that Defendant Barber was living in at the time, leaving in doubt whether Defendant Barber would likely obtain actual notice of the existence of the FedEx package.

22. The evidence further indicates that someone apparently appeared at the Walgreens store and signed for the package containing the Summons and Amended Complaint using the initials "D.B." (Ex. A to Affidavit of Service, ECF No. 12.) Defendant Barber denies it was her who picked up the package and further denies that anyone was authorized by her to receive or obtain the package containing the suit papers at the store and to sign for her. (Aff. Def. Barber 5 ¶ 19, ECF No. 43.) Other than circumstantial evidence in the form of the "D.B." initials used to pick up the package by someone at the Walgreens store, and evidence regarding the store's policies and procedures for allowing someone to obtain a FedEx package left at the store for pick up (proof of identification), Slattery has come forward with no

admissible evidence proving that Defendant Barber, or another with her authority, actually received the suit papers package.

23. It is a well-settled principle that a defendant is entitled to notice and an opportunity to defend herself in civil proceedings in the state courts of North Carolina. *See, e.g., Red Valve, Inc. v. Titan Valve, Inc.,* 2019 NCBC LEXIS 57, at \*\*11 n.12 (N.C. Super. Ct. Sept. 3, 2019). As a corollary to this principle, it is axiomatic that a plaintiff must effect proper service of process upon a defendant in order for the Court to obtain personal jurisdiction over the defendant and, if appropriate, enter a judgment against her. *See, e.g., Bizrobe Trust v. InoLife Techs., Inc.,* 2019 NCBC LEXIS 3, at \*8 (N.C. Super. Ct. Jan. 9, 2019).

24. Given that the "good cause" standard under Rule 55(d) for setting aside entry of default "is more lax than that required for setting aside a default judgment pursuant to Rule 60(b)," *Bailey*, 60 N.C. App. at 462, and that "[t]he law generally disfavors default and any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits[,]" *Sec. Credit Leasing, Inc.*, 140 N.C. App. at 528 (quoting *Peebles*, 48 N.C. App. at 504–05 (cleaned up)), the Court in its discretion finds that Slattery has failed to adequately demonstrate that Defendant Barber was served with the Summons and Amended Complaint in this action.

25. However, Slattery asserts that, even if the Court were to determine that Slattery failed to demonstrate proper service of process on Defendant Barber (which the Court has determined herein *supra*), Defendant Barber still may not have the

entry of default set aside and have the summary judgment vacated because Defendant Barber made a "general appearance" in this action by filing her Motion to Claim Exemptions, and, therefore, she has waived any objection to lack of personal jurisdiction over her due to defects in service of process and has subjected herself to the jurisdiction of this Court. (Br. Opp'n 11–12.) The Court agrees.

26. Proper service is normally a pre-condition to the Court's effective personal jurisdiction over a party. However, a defendant may voluntarily waive a defect in service by making a "general appearance" in an action instituted against her in which the Court has subject matter jurisdiction. N.C.G.S. § 1-75.7 ("A court . . . having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person . . . who makes a general appearance in an action[.]").

27. While making a general appearance normally waives an objection to personal jurisdiction and submits a defendant to the jurisdiction of the court where the court has subject matter jurisdiction, there is a split of authority in North Carolina regarding whether an act by a defendant that might otherwise be considered a general appearance *but which comes after the entry by the Court of a final judgment against her* constitutes such a general appearance thus waiving objections to personal jurisdiction.

28. As Slattery points out, in *Faucette v. Dickerson*, 103 N.C. App. 620, 623–24 (1991), the North Carolina Court of Appeals found that the defendant in that case made a general appearance where the defendant filed a motion to claim exemptions

post-judgment, and, therefore, the Court affirmed the trial court's decision to deny that defendant's later motion for relief from judgment based on Plaintiff Faucette's failure to properly serve defendant with the summons and complaint.[5]  Twenty-two years later, in *State v. Williams*, 230 N.C. App. 147 (2013), the Court of Appeals quoted *Faucette* for the proposition that "[a] North Carolina court which has subject matter jurisdiction . . . may exercise jurisdiction over a person making a general appearance in an action without service of process."  (Quoting 103 N.C. App. at 623); *see also Jerson v. Jerson*, 68 N.C. App. 738, 739 (1984); *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 247–48, *disc. review denied*, 295 N.C. 465 (1978); and *Swenson v. Thibaut,* 39 N.C. App. 77, 89 (1978), *disc. review denied and appeal dismissed*, 296 N.C. 740 (1979).

29.    As the Court of Appeals held in *Alexiou*, relied upon by *Williams,* "the concept of a 'general appearance' . . . should be given a liberal interpretation."  36 N.C. App. at 248.  The Court of Appeals noted further in *Swenson*, also relied upon by *Williams,* that "if the defendant by motion or otherwise invokes the adjudicatory powers of the court in any other matter not directly related to the questions of jurisdiction, he has made a general appearance and has submitted himself to the jurisdiction of the court whether he intended to or not."  39 N.C. App. at 89.

30.    While Plaintiff relies on *Faucette,* its progeny, and the cases that it relied on, Defendant Barber directs this Court to a separate and seemingly directly contrary

---

[5] In *Faucette,* as here, defendant submitted substantial evidence that plaintiff had failed to obtain proper service of the summons and complaint.  (*See* Exs. 5–7 to Second Req. Jud. Not., ECF Nos. 61.5–.7.)

line of appellate authority.  (Reply Br. 7–12.)  Over a decade after *Faucette,* and nine years before *Williams,* the Court of Appeals in *Barnes v. Wells*, 165 N.C. App. 575, 579–80 (2004), found, without reference to *Faucette,* that if a defendant "did nothing that could be considered a general appearance *prior to the entry of the [judgments] now challenged*[,]" an objection to personal jurisdiction has not been waived via conduct otherwise constituting a general appearance.  (Emphasis added.)  This Court can find no way to properly distinguish *Barnes* from the Court of Appeals' earlier holding in *Faucette* that a general appearance waiving objections to service of process and personal jurisdiction is made by the filing of a post-judgment motion to claim exemptions.  103 N.C. App. at 623.

31.     A year after *Williams*, and without reference to either *Faucette* or *Williams*, the Court of Appeals repeated the earlier holding announced in *Barnes* that post-judgment conduct normally constituting a general appearance would not waive a defendant's right to challenge pre-judgment defects in service of process.  *Dowd v. Johnson,* 235 N.C. App. 6, 11–12 (2014).

32.     Defendant Barber, through counsel in her briefing on the Motion, argues that *Faucette* is not binding appellate authority, on the purported basis that the rule announced therein was dictum because the parties in that case did not argue the issue of general appearance and that this Court is therefore not bound the decision or the rule.  (Reply Br. 7–12 (citing *Trustees Rowan Tech. Coll. v. J. Hyatt Hammond Assoc., Inc.,* 313 N.C. 230, 242 (1985), for the proposition that dictum is non-binding)).

33. However, this Court finds and concludes that the rule announced in *Faucette* is not dictum and is binding on it here. First, *Faucette* is squarely on point, finding that a post-judgment appearance in the form of a motion to claim exemptions constitutes a general appearance and thus waives any later objection to service of process and personal jurisdiction. 103 N.C. App. at 623–24.

34. Second, in *In re Appeal from Civil Penalty Assessed for Violations of Sediment. Pollution Control Act etc.,* 324 N.C. 373, 384 (1989) ("*In re Civil Penalty*"), the North Carolina Supreme Court held that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *See also State v. Hill*, 227 N.C. App. 371, 378 (2013) ("Because we cannot distinguish the present case from [the precedential case] [we are] consequently [ ] bound by its holding[.]")

35. Therefore, in accordance with *Faucette,* the Court finds and concludes that Defendant Barber made a general appearance in this matter by filing her Motion to Claim Exemptions post-summary judgment, and thereby is deemed to have waived any objection she may have to personal jurisdiction. Because the Court finds and concludes that Defendant Barber made a general appearance waiving her objection to personal jurisdiction by filing her Motion to Claim Exemptions, the Court must deny her request to set aside the entry of default against her under Rule 55(d).

36. As for the remaining question of whether to vacate the summary judgment against Defendant Barber pursuant to Rules 60(b)(4) or 60(b)(6), because the Court

denies the Motion to Set Aside Entry of Default against Defendant Barber based on her general appearance, the Motion to Vacate Summary Judgment Order against Defendant Barber pursuant to Rules 60(b)(4) and 60(b)(6) based on the same alleged insufficiency of service of process is likewise denied.

37. As a result of the aforementioned findings and conclusions, the Court need not and does not reach the substance of the Rule 60(b) arguments made by the parties.[6]

## V.   CONCLUSION

38. For the foregoing reasons, the Court hereby **DENIES** the Motion. As a further result of the Court's ruling herein, the Court lifts the stay of judgment enforcement proceedings entered on 6 October 2021. (*See* ECF No. 47.)

IT IS SO ORDERED, this the 16th day of February, 2022.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
   for Complex Business Cases

---

[6] As a result of the Court's determinations herein, the Court further need not rule on the additional argument made by Defendant Barber that the summary judgment is void because Slattery's Amended Complaint was improper for failure to comply with Rule 21, (Reply Br. 13–14); however, Defendant Barber's argument in this regard is without merit. G. Gray Wilson, N.C. Civil Procedure § 15-2 (4th ed. 2021) ("Parties may be added pursuant to [Rule 15(a)]." (citing *Robinson v. Smith*, 219 N.C. App. 518 (2012), and *Daniel v. Wray*, 158 N.C. App. 161 (2003))).