REBECCA HARRISON, Adm'x, v. NANCY HARRISON et al.

*Real Estate Assets—Motion in the Cause—Void and Irregular Proceedings—Infants—Heirs—The Code—Service.*

1. When, on petition to make real estate assets, no service was made upon the defendants except one, and the infant defendants were not represented, either by guardian *ad litem* or otherwise, and the land brought only one-third of its value, and the sale was without notice to defendants of its time and place: *Held*, that these proceedings were in such utter disregard of the rights of property and the fundamental principles of law, that they might be pronounced void, on motion in the cause made many years after final judgment.

2. Decrees in such proceedings are absolutely void against heirs, whether infants or adults, not served in some sufficient way.

3. Section 387 of *The Code* does not cure such want of service as to infants, unless they were represented in some proper manner.

4. Where the defendants knew of, but took no benefit of such void sale, though they recited the proceedings in some subsequent action, such notice cannot have the effect of service.

5. Mere delay in making the motion to declare void such proceedings cannot preclude the heirs.

This was a case heard upon MOTION, before *Graves, J.*, at July Term, 1889, of GRANVILLE Superior Court.

The facts are stated in the opinion.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for plaintiff.
*Messrs. A. W. Graham, R. W. Winston* and *E. C. Smith*, for defendants.

SHEPHERD, J.: The co-executor, George Harrison, was removed without notice, and L. A. Paschal appointed administrator, with the will annexed. This administrator, in October, 1870, filed a petition against Nancy E. Harrison, the widow of the testator, and the other defendants, his devisees,

to sell certain real estate for assets. No service of any kind was made upon any of the defendants except George Harrison, as to whom there was service by publication. No guardian *ad litem* was appointed for the infant defendants, nor were they in any way represented.

On the 3d of December, 1870, an order was made directing a sale upon thirty days' notice. The administrator sold the land on the 5th of December, and the sale was confirmed on the 19th of the said month. The land brought only one-third of its value. The defendants had no notice of the time and place of the sale, nor of the order of confirmation.

The simple recital of these facts shows such an utter disregard of the rights of property and of the fundamental principles of law by which these rights are protected, that it is difficult to realize that such proceedings could have been had in a Court invested with such important jurisdiction.

As the interest of the widow ceased at her death, in 1887, this motion to set aside the order of sale, and the proceedings thereunder, is made by all of the remaining defendants, except George Harrison.

We cannot hesitate in affirming the judgment of his Honor declaring the proceedings void. However anxious the Court has been to uphold irregular orders and decrees in favor of innocent purchasers, we can find no decisions which authorize judicial sanction to any proceeding in which there has been no service of process of any kind upon the parties interested. Such proceedings, under the Bill of Rights, as well as upon every conceivable principle of natural justice must be declared utterly void, and of no effect.

*The Code*, § 1438, provides that no order of sale in such cases shall be granted until the heirs or devisees of the deceased have been made parties by *service* of summons. " This provision embraces infants as well as adult persons. Hence, the Court has repeatedly and uniformly held that

such proceedings, decrees and judgments are *void* and of no effect as against the heir not, in some sufficient way, made a party to the same, whether infant or adult. *Stancill* v. *Gay*, 92 N. C., 462, and the cases cited." *Perry* v. *Adams*, 98 N. C., 167.

It is contended, however, that the omission of service · as to the infant defendants is cured by section 387 of *The Code.* It has been held that this provision is inoperative unless the infant has been represented by a guardian *ad litem*, or next friend, as the case may be. In *Perry* v. *Adams, supra,* it is said that "the curative statute is to cure the judgment and the proceeding when such personal service was omitted, but it does not embrace cases where *no service* was made upon the infant or any other person in his behalf, as the statute requires to be done." Again, in *Stancill* v. *Gay, supra,* the Court said that "the Legislature did not intend that a judgment against an infant in an action or special proceeding, wherein he was not made a party defendant, but treated as a defendant, should be rendered effectual against him. A statute with such a purpose would contravene fundamental right and shock the moral sense of just men." These authorities, if, indeed, any were necessary, abundantly sustain the ruling of the Court below.

It is further insisted that defendants have, in some way, ratified the said order of sale. There is much diversity of opinion as to whether void sales of this character may be ratified. Mr. Freeman in his "Monograph on Void Judicial Sales, 67," says that "these sales may be ratified either directly or by a course of conduct which estops the party from denying their validity; thus, if the defendant in execution, after a void sale of his property has been made, claims, and recovers the surplus proceeds of the sale, with a full knowledge of his rights, his act must be thereafter treated as an irrevocable confirmation of the sale."

Granting this to be true, and putting it on the more logical ground of estoppel, we can find nothing here which debars the defendant from having the proceedings declared void. The defendants have never taken any benefit under them, and the mere fact that their pendency was recited in the petition for dower, filed by their mother, cannot have that effect, even if it clearly appeared that such petition was ever served upon them, or otherwise brought to their knowledge. Something more than bare notice is necessary to estop one from setting aside a void proceeding. Neither can a delay in making this motion preclude them. *Larkins* v. *Bullard*, 88 N. C., 35, and the cases cited.

Whatever equity the purchasers may have by way of substitution to the claims of the creditors to the extent of the purchase-money, must be asserted when the defendants seek to recover the property

Affirmed.