ESTATE OF RONALD B. LIVESAY, DECEASED, BY E.K. MORLEY, ADMINISTRATOR CTA, PLAINTIFF v. BRENDA LIVESAY, INDIVIDUALLY AND AS SUCCESSOR TRUSTEE OF THE RONALD LIVESAY AND BRENDA LIVESAY FAMILY TRUST, DATED MARCH 26, 1998, CANDACE LIVESAY (A MINOR) RON LIVESAY, JR. (A MINOR), AND SANDRA REED, TRUSTEE OF A DEED OF TRUST EXECUTED BY BRENDA LIVESAY, TRUSTEE OF THE RONALD LIVESAY FAMILY TRUST, DATED JULY 2, 2007 IN THE AMOUNT OF $403,849.36 AND RECORDED ON JULY 2, 2007 IN BOOK 1948 AT PAGE 778 OF THE HENDERSON COUNTY REGISTER OF DEEDS OFFICE, DEFENDANTS

No. COA11-973

(Filed 21 February 2012)

**Pleadings—Sanctions—Rule 11—failure to sign complaint— prompt remedial measures—two dismissal rule**

The trial court erred in a case regarding administration of a family trust by dismissing plaintiff's complaint with prejudice for failure to sign and verify the complaint under N.C.G.S. § 1A-1, Rule 11. Plaintiff's prompt remedial measures of filing an amended signed complaint, once plaintiff discovered the mistake, conferred subject matter jurisdiction on the trial court to enable

it to deal with the substantive issues raised in the pleadings. The two dismissal rule did not apply because both dismissals were involuntary.

Appeal by Plaintiff from order entered 7 March 2011 by Judge James U. Downs in Henderson County Superior Court. Heard in the Court of Appeals 11 January 2012.

*Smith Moore Leatherwood LLP, by L. Cooper Harrell and Corinne B. Jones, for Plaintiff-appellant.*

*Gary A. Dodd and Charles R. Brewer, for Defendant-appellee Brenda Livesay, et al.*

*McLean Law Firm, P.A., by Russell L. McLean, III, and Bazzle & Carr, PA, by Eugene M. Carr, III, for Defendant-appellee Ron Livesay, Jr., et al.*

HUNTER, JR., Robert N., Judge.

Administrator CTA E.K. Morley appeals on behalf of the estate of Ronald B. Livesay ("Plaintiff") from an order dismissing his complaint with prejudice for failure to sign and verify the complaint under Rule 11 of the North Carolina Rules of Civil Procedure. For the following reasons, we reverse.

## I. Factual & Procedural Background

On 13 September 2010, Plaintiff filed the complaint in this action concerning allegations regarding the administration of a family trust. Plaintiff signed the General Civil Action Cover Sheet but failed to sign, date, or verify the complaint. Summons were issued, and all Defendants were served on 15 September 2010 with the exception of Sandra Reed, on whom service of process was obtained by publication. On 13 October 2010, all Defendants except Ms. Reed filed a joint motion for an extension of time to file their answer or other responsive pleadings and motions. The trial court granted Defendants' motion, extending the time allotted to respond to 12 November 2010.

On 25 October 2010, during a review of the court file, Plaintiff's counsel realized the complaint was not signed, dated, or verified. On that afternoon, Plaintiff's counsel signed and verified a duplicate copy of the original complaint and filed the duplicate copy with the trial court and served it on the parties via certified U.S. mail. The duplicate copy was titled "Amendment to Complaint," but it was an exact copy of the original with the only difference being that the

duplicate copy was signed and verified. The duplicate copy was successfully served via certified U.S. mail on all of the parties except Ms. Reed, on whom service by publication was later effected. When Plaintiff's counsel filed and served the signed and verified duplicate complaint, no responsive pleadings had been filed or served, and neither Defendants, the clerk of court, nor the trial court had called the lack of signature and verification to Plaintiff's attention.

On 9 November 2010, Defendants filed a motion to dismiss with prejudice based on Rules 12(b)(1), (2), (4), (5), and (6). Judge James U. Downs conducted a hearing on 7 March 2011 and dismissed the action with prejudice. In his order, Judge Downs stated, "Inasmuch as this case was filed following a previous dismissal without prejudice, this dismissal should be with prejudice." From the bench, Judge Downs also identified Rule 12(b)(1)—lack of subject matter jurisdiction—as the grounds for dismissal. Plaintiff filed timely notice of appeal 1 April 2011.

## II. Jurisdiction

As Plaintiff appeals from the final judgment of a superior court, an appeal lies of right with this court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011). Plaintiff's appeal of the trial court's dismissal is also authorized by N.C. Gen. Stat. § 1-277(a) (2011), which provides for appeal of a judicial order that discontinues an action.

## III. Analysis

Plaintiff argues the trial court erred by dismissing the action for failure to sign and verify the complaint because the failure was an oversight that was quickly corrected. We agree.

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." *Haker–Volkening v. Haker*, 143 N.C. App. 688, 693, 547 S.E.2d 127, 130, *disc. review denied*, 354 N.C. 217, 554 S.E.2d 338 (2001). "Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question [and] . . . is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). Without a proper complaint or summons under Rule 3 of the Rules of Civil Procedure, an action is not properly instituted and the court does not have juris-

diction. *Boyd v. Boyd*, 61 N.C. App. 334, 336, 300 S.E.2d 569, 570 (1983). N.C. Gen. Stat. § 1A-1, Rule 3, provides as follows:

> A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing.
>
> A civil action may also be commenced by the issuance of a summons when
>
> (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and
>
> (2) The court makes an order stating the nature and purpose of the action and granting the requested permission.
>
> . . . .
>
> If the complaint is not filed within the period specified in the clerk's order, the action shall abate.

N.C. Gen. Stat. § 1A-1, Rule 3(a) (2011). N.C. Gen. Stat. § 1A-1, Rule 4, provides as follows: "Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." An unsigned or unverified complaint is an invalid complaint over which the trial court lacks subject matter jurisdiction. *See Freight Carriers v. Teamsters Local*, 11 N.C. App. 159, 162, 180 S.E.2d 461, 463, *cert. denied*, 278 N.C. 701, 181 S.E.2d 601 (1971) (holding that a complaint unsigned by the attorney under Rule 11(a) is not a valid complaint). Rule 11, however, contemplates a very specific exception to Rules 3 and 4. Rule 11 provides, "If a pleading, motion, or other paper is not signed, it shall be stricken *unless it is signed promptly after the omission is called to the attention of the pleader or movant.*" N.C. Gen. Stat. § 1A-1, Rule 11(a) (2011) (emphasis added).

No North Carolina appellate opinion addresses this Rule 11 exception, however, we gain guidance from this Court's holdings in several juvenile proceedings. In *Matter of Green*, the failure of a petitioner to sign and verify a petition related to a juvenile case resulted in dismissal of the action because the petition was fatally defective and insufficient to vest the court with subject matter jurisdiction. 67 N.C. App. 501, 504, 313 S.E.2d 193, 195 (1984). However, *Green* was distinguished in *In re L.B.*, where this Court noted that in *Green* the petition was never signed or verified, while in *L.B.*, the petition was

signed and verified two days after the order for non-secure custody was filed. *In re L.B.*, 181 N.C. App. 174, 186-87, 639 S.E.2d 23, 29 (2007). In *In re T.R.P.*, 173 N.C. App. 541, 546, 619 S.E.2d 525, 529 (2005), *aff'd*, 360 N.C. 588, 636 S.E.2d 787 (2006), this Court again vacated a juvenile order because "the Petition was neither signed nor verified by the director or an authorized representative of the director." However, the *T.R.P.* Court left open the possibility that the Department of Social Services could take remedial action, which, in turn, could provide the trial court with the subject matter jurisdiction it was lacking. Specifically, the *T.R.P.* Court stated, "[a]s there is no evidence in the record *suggesting later filings sufficient to invoke jurisdiction* as to the review order, the trial court erred in proceeding on the matter due to lack of subject matter jurisdiction." *Id.* at 547, 619 S.E.2d at 529 (emphasis added).

Although the above cases discuss juvenile petitions, one of these cases does specifically refer to Rule 11(a), stating,

> Rule 11(a) contemplates the omission of a signature as a simple oversight, which can be easily corrected when pointed out, and then the case may proceed on its course, dealing with the substantive issues raised by the pleadings. Only if the pleading is not signed 'promptly' even after omission is pointed out does Rule 11(a) provide for the pleading to be stricken.

*In re D.D.F.*, 187 N.C. App. 388, 395-96, n. 1, 654 S.E.2d 1, 5, n. 1 (2007).

Moreover, federal cases interpreting the federal version of Rule 11 also allow an unsigned pleading to be fixed in a prompt manner once the omission is relayed to the erring party. *See e.g., Clark v. Countrywide Home Loans, Inc.*, 09-CV-01998-OWW-GSA, 2010 WL 697232 (E.D. Cal. Feb. 25, 2010) (where the court issued an order requiring the plaintiff to file a signed, amended complaint by 18 March 2010 to replace the original unsigned complaint as the operative pleading); *In re Fosamax Products Liab. Litig.*, 1:09-CV-07255-JFK, 2010 WL 1685726 (S.D.N.Y. Apr. 26, 2010) (where despite the Judge's order to show cause requiring the plaintiff to submit a signed, amended complaint, the plaintiff did not submit the amended complaint within the fifteen day period prescribed by the court, and the court struck the original complaint). In interpreting Federal Rule 11, these decisions indicate that a pleading that was once unsigned can be remedied with an amended, signed version of that pleading. We note that while federal court opinions provide no binding authority on this Court, they are persuasive authority. Thus,

relying on these federal court opinions as well as the text of Rule 11 and this Court's opinions in the referenced juvenile proceedings, we hold that Rule 11 allows prompt remedial measures to fix the lack of signature and/or verification of the original pleading, thereby rectifying the omission and restoring to the trial court subject matter jurisdiction to allow it to deal with the substantive issues raised by the pleadings.

Here, the original summons and complaint were filed 13 September 2010. The complaint was unsigned, undated, and unverified. On 25 October 2010, 42 days after the original complaint was filed, Plaintiff's counsel realized the omission and filed an amendment to the complaint under Rule 15's provision providing for amendments as of right to a pleading when no responsive pleading has been filed. Applying the exception present in Rule 11, we hold Plaintiff's prompt remedial measures of filing an amended, signed complaint once Plaintiff discovered the mistake conferred subject matter jurisdiction on the trial court to enable it to deal with the substantive issues raised in the pleadings.

We note that Rule 11 contemplates the specific situation where a pleading is unsigned and *the court or the opposing party* points out the omission to the erring party. N.C. Gen. Stat. § 1A-1, Rule 11 (2011). Here, however, neither the trial court, the clerk of court, nor the opposing party noticed the error in the original complaint nor pointed it out to Plaintiff as specified under Rule 11. Plaintiff realized on his own that the original complaint was unsigned, undated, and unverified 42 days after the original complaint was filed, and Plaintiff corrected the omission on his own accord the day he realized the mistake. Because the trial court did not notify Plaintiff of the error and thus did not set an amount of time within which Plaintiff must correct the error, we look to Rules 11 and 15 to determine if Plaintiff corrected the omission in a timely manner.

Defendants argue that even if the amended pleading rectified Plaintiff's error in the original complaint, the original summons expired after no valid complaint was filed within five days of the issuance of the summons, thereby requiring Plaintiff's action to abate. However, as Rule 11(a) provides for a specific exception to Rules 3 and 4 regarding commencement of an action and service of process, prompt action taken to correct a lack of signature prevents the original pleading from being "stricken," thereby restoring the original pleading once it has been signed. Furthermore, Rule 15 provides:

> (a) Amendments.—*A party may amend his pleading once as a matter of course at any time before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders.

N.C. Gen. Stat. § 1A-1, Rule 15(a) (2011) (emphasis added). Here, although Plaintiff amended his pleading with the dated, signed, and verified complaint 42 days after the original complaint was filed, he did so before Defendants served any responsive pleadings (as Defendants had filed and the court had allowed a motion to extend the time allotted to file a responsive pleading). Thus, we hold Plaintiff's amended pleading was filed and served in a prompt and timely manner under Rules 11 and 15.

Rule 15 also provides guidance on whether the cause of action in the amended pleadings relates back to the commencement of the action in the original pleading.

> (c) Relation back of amendments.—*A claim asserted in an amended pleading is deemed to have been interposed* at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2011). The comment to the Rule provides:

> "[A] cause of action in an amended pleading will be deemed to relate back to the commencement of the action if the original pleading gave notice of the transactions, occurrences, or series of transactions or occurrences to be proved under the amended pleading. The amended pleading will therefore relate back if the new pleading merely amplifies the old cause of action, or now even if the new pleading constitutes a new cause of action, provided that the defending party had originally been placed on notice of the events involved."

N.C. Gen. Stat. § 1A-1, Rule 15, cmt. (2011) (quoting Wachtell, N.Y. Practice Under the C.P.L.R. (1963), p. 141). Here, because the new, amended pleading is exactly the same as the old pleading except that the new pleading is signed, the new pleading merely amplifies the old cause of action and therefore relates back to the old pleading. Consequently, the original summons that issued the same day as the original pleading remains valid. Therefore, we hold the remedial measures Plaintiff took to rectify the signature omission in the original complaint were sufficient under Rules 11 and 15 to prevent the original pleading from being stricken and the action from being dismissed.

Finally, Defendants argue the trial court properly dismissed the case with prejudice under the two dismissal rule. Under the two dismissal rule, there are two elements: (1) the plaintiff must have filed the notices to dismiss under Rule 41(a)(1)(i), since this Court has held that the two dismissal rule does not apply where the plaintiff's dismissal is by stipulation or by order of court, *Parrish v. Uzzell*, 41 N.C. App. 479, 483-84, 255 S.E.2d 219, 221 (1979); and (2) the second suit must have been "based on or including the same claim" as the first suit. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2011); *City of Raleigh v. Coll. Campus Apartments, Inc.*, 94 N.C. App. 280, 282, 380 S.E.2d 163, 164-65 (1989), *aff'd*, 326 N.C. 360, 388 S.E.2d 768 (1990). Here, the two dismissal rule does not apply because both dismissals were involuntary (the first ordered by the court for failure to join a necessary party and the second ordered by the court for failure to verify the pleading).

## IV. Conclusion

For the foregoing reasons, we hold the trial court erred in dismissing Plaintiff's claims with prejudice. The order of the trial court is

Reversed.

Judges STEELMAN and GEER concur.