IN THE SUPREME COURT OF NORTH CAROLINA

No. 218A22

Filed 22 March 2024

JOHN SLATTERY

v.

APPY CITY, LLC; TIMOTHY S. FIELDS; MELISSA CRETE; and DAISY MAE
FOWLER

Appeal pursuant to N.C.G.S. § 7A-27(a)(2) from an order and opinion on a
post-trial motion entered on 16 February 2022 by Judge Michael L. Robinson, Special
Superior Court Judge for Complex Business Cases, in Superior Court, Wake County,
after the case was designated a mandatory complex business case by the Chief Justice
pursuant to N.C.G.S. § 7A-45.4(b). Heard in the Supreme Court on 19 September
2023.

> *Hamilton Stephens Steele Martin, PLLC, by M. Aaron Lay, for
> plaintiff-appellee/cross-appellant, John Slattery.*

> *Wilson Ratledge, PLLC, by Reginald B. Gillespie, Jr., for
> defendant-appellant/cross-appellee, Daisy Mae Barber.*

NEWBY, Chief Justice.

In this case we consider whether a person who files a motion to claim exempt
property after a judgment is entered makes a general appearance in the action and
thereby waives objections to the sufficiency of service of process and personal
jurisdiction. When a defendant makes a general appearance in an action without
contesting personal jurisdiction or the sufficiency of service of process, she waives

those objections. We conclude that defendant made a general appearance in the action when she moved to claim exempt property. In so doing, she waived her objections to the sufficiency of service of process and lack of personal jurisdiction. Accordingly, the Business Court's order is affirmed.

On 11 September 2019, plaintiff commenced this action against Timothy Fields and Melissa Crete, and it was designated as a mandatory complex business case pursuant to N.C.G.S. § 7A-45.4(a). Plaintiff's complaint alleged that Fields and Crete induced him to invest $500,000 in a sham technology company called "Appy City." On 7 February 2020, plaintiff filed an amended complaint naming Daisy Mae Barber[1] and Pamela Bowman[2] as additional defendants, alleging they conspired with Fields and Crete to hide the invested funds by converting them into cryptocurrency.

On 10 February 2020, the Business Court issued a civil summons for defendant. Plaintiff's counsel submitted an affidavit stating he deposited the summons and amended complaint (i.e., the process) with Federal Express (FedEx) on 17 February 2020 to be delivered to defendant at "618 Mills Road" in Aberdeen, North Carolina.[3] Plaintiff provided a proof-of-delivery form from FedEx showing that the

---

[1] Although this case's caption refers to defendant as "Daisy Mae Fowler," she is referred to by several surnames throughout the record, including "Fowler," "Barber," "Johnson," "Linn," and "Fields." Throughout the opinion, we simply refer to her as "defendant."

[2] Plaintiff voluntarily dismissed without prejudice his claims against Bowman on 20 November 2020.

[3] According to an affidavit provided by defendant, her address during February of 2020 was "618 Rays Mill Road."

process was delivered on 19 February 2020 to a FedEx location at a Walgreens Pharmacy located at 1706 North Sandhills Boulevard in Aberdeen, North Carolina, which was near defendant's home. The proof of delivery showed the process was signed for by a "D. Barber" and that the signatory signed for the package using the initials "D.B." Defendant, however, did not file an answer or otherwise respond to the complaint.

Based on the evidence presented by plaintiff, the Business Court concluded that plaintiff sufficiently served process on defendant. Because defendant neither answered nor otherwise responded, the Business Court entered default against her pursuant to Rule 55(a) of the North Carolina Rules of Civil Procedure on 28 July 2020.[4]

On 24 September 2020, plaintiff moved for summary judgment on all claims, including those levied against defendant. Defendants did not respond to plaintiff's motion for summary judgment, nor did they appear, personally or through counsel, at the summary judgment hearing on 17 November 2020. On 24 March 2021, the Business Court awarded plaintiff summary judgment against all defendants on all but three claims.

---

[4] Similarly, none of the other defendants responded, and default was entered against them as well.

On 4 June 2021, to enforce the judgment, plaintiff served a notice of right to claim exemptions on defendant at a new address.[5] On 23 June 2021, defendant appeared for the first time and moved to claim exempt property pursuant to N.C.G.S. § 1C-1603. Her motion did not contest personal jurisdiction or the sufficiency of service of process.

More than three months later, on 4 October 2021, defendant moved the Business Court to set aside the entries of default and summary judgment pursuant to Rules 55 and 60 of the North Carolina Rules of Civil Procedure. She argued the Business Court's judgment was void for lack of personal jurisdiction because she had not been served with process nor appeared in the action before the entry of summary judgment. She also argued that good cause existed to set aside the judgment and that she had a meritorious defense.

On 9 February 2022, the Business Court held a hearing on defendant's motion to set aside the entries of default and summary judgment. After consideration of all the parties' filings, the Business Court entered an order denying defendant's motion on 16 February 2022. The Business Court first found "that [plaintiff] . . . failed to adequately demonstrate that [d]efendant . . . was served with the [s]ummons and [a]mended [c]omplaint in this action." Relying on the Court of Appeals' decision in *Faucette v. Dickerson*, 103 N.C. App. 620, 406 S.E.2d 602 (1991), and its progeny,

---

[5] According to defendant's affidavit, by the early spring of 2021, defendant's residence was 260 Stephanie Street in Southern Pines, North Carolina.

however, the Business Court determined that defendant made a general appearance in the action when she moved to claim exempt property. It therefore concluded that defendant waived her objections to personal jurisdiction and the sufficiency of service of process. To the extent that defendant relied on the insufficiency of service of process for her Rule 60(b)(4) and Rule 60(b)(6) arguments, the Business Court denied defendant's motion. The Business Court then, in its discretion, declined to "reach the substance" of any of defendant's remaining Rule 60(b) arguments. Defendant appealed directly to this Court. N.C.G.S. § 7A-27(a)(2) (2021). Plaintiff filed a notice of cross-appeal.

The question before us is whether making a general appearance after the entry of a judgment is a general appearance in the underlying action that waives objections to personal jurisdiction and the sufficiency of service of process. This question presents a matter of law, which we review de novo. *Da Silva v. WakeMed*, 375 N.C. 1, 5, 846 S.E.2d 634, 638 (2020). Regarding the Business Court's denial of defendant's Rule 60(b) motions, we review for abuse of discretion.[6] *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). An error of law constitutes an abuse of discretion. *Da Silva*, 375 N.C. at 5 n.2, 846 S.E.2d at 638 n.2.

Rule 60(b)(4) of the North Carolina Rules of Civil Procedure permits a court to set aside a judgment upon a party's motion if the judgment is void. N.C.G.S. § 1A-1,

---

[6] Although defendant's briefs mention Rule 55(d) in passing, her arguments focus exclusively on Rule 60(b). As such, we conduct our analysis under that rule.

Rule 60(b)(4) (2021) ("On motion and upon such terms as are just, the court *may* relieve a party . . . from a final judgment . . . [if] [t]he judgment is void . . . .") (emphasis added)). To render a valid judgment, a court must have jurisdiction over the subject matter of the case (subject matter jurisdiction) and jurisdiction over the parties to the case (personal jurisdiction).[7] N.C.G.S. § 1-75.3(b) (2021).

Subject matter jurisdiction is the "power to pass on the merits of [a] case." *Boyles v. Boyles*, 308 N.C. 488, 491, 302 S.E.2d 790, 793 (1983). Without it, a court's actions are absolutely void. *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (characterizing subject matter jurisdiction as "the indispensable foundation upon which valid judicial decisions rest"). Subject matter jurisdiction is conferred upon courts by law and operates as a structural limitation on the power of courts. *See* N.C. Const. art. IV, §§ 1, 12. We have consequently held that "[t]he existence of subject matter jurisdiction is a matter of law and cannot be conferred upon a court by consent." *In re K.J.L.*, 363 N.C. 343, 345–46, 677 S.E.2d 835, 837 (2009) (internal quotation marks omitted) (quoting *In re T.R.P.*, 360 N.C. at 595, 636 S.E.2d at 793). For this reason, "a court's lack of subject matter jurisdiction is not waivable and can be raised at *any* time." *Id.* at 346, 677 S.E.2d at 837 (emphasis added). And "[*w*]*henever* it appears . . . that the court lacks jurisdiction of the subject matter, the

---

[7] Defendant does not contend the Business Court lacked subject matter jurisdiction. Instead, her appeal turns on the sufficiency of service of process, which implicates personal jurisdiction. *See In re K.J.L.*, 363 N.C. 343, 346–47, 677 S.E.2d 835, 837–38 (2009).

court *shall* dismiss the action." N.C.G.S. § 1A-1, Rule 12(h)(3) (2021) (emphases added)).

Conversely, personal jurisdiction is "a court's authority to require an individual to appear in the forum and defend an action brought against the individual in that forum." *In re F.S.T.Y.*, 374 N.C. 532, 534, 843 S.E.2d 160, 162 (2020). Generally, a court asserts personal jurisdiction over a defendant through "service of process"—that is, the defendant being served with the summons and complaint. *In re K.J.L.*, 363 N.C. at 346–47, 677 S.E.2d at 837–38; *see also* N.C.G.S. § 1-75.6 (2021) ("A court of this State . . . may exercise personal jurisdiction over a defendant by service of process in accordance with . . . the Rules of Civil Procedure."). A court may also exercise personal jurisdiction through a defendant's general (or "voluntary") appearance or consent. *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996). Our General Statutes specifically permit a court to assert personal jurisdiction over a defendant "[w]ho makes a general appearance in an action" even "without serving a summons upon [her]." N.C.G.S. § 1-75.7(1) (2021).

A defendant makes a general appearance when she appears before a court and submits to its adjudicatory power without objecting to its jurisdiction over her. *See Lynch v. Lynch*, 302 N.C. 189, 197, 274 S.E.2d 212, 219 (1981). Stated differently, a general appearance is an appearance whereby the defendant "invokes the judgment of the court in any manner on any question other than that of [personal] jurisdiction," *id.* (quoting *In re Blalock*, 233 N.C. 493, 504, 64 S.E.2d 848, 856 (1951)), and "requests

[the court's] affirmative intervention [o]n [her] behalf," *Simms v. Mason's Stores, Inc. (NC-1)*, 285 N.C. 145, 157, 203 S.E.2d 769, 777 (1974), *superseded on other grounds by statute*, An Act to Amend G.S. 1-75.7 and G.S. 1A-1, Rule 12, to Provide That Obtaining an Extension of Time Within Which to Answer or Otherwise Plead Shall Not Be Considered a General Appearance and Shall Not Constitute a Waiver of Any Defense Set Forth in Rule 12(b), ch. 76, 1975 N.C. Sess. Laws 48, 48–49 (codified as amended at N.C.G.S. § 1A-1, Rule 12(b)); *see also Faucette*, 103 N.C. App. at 623–24, 406 S.E.2d at 605 ("The concept of a general appearance should be given a liberal interpretation. Virtually any action other than a motion to dismiss for lack of jurisdiction constitutes a general appearance in a court having subject matter jurisdiction." (internal punctuation and alterations omitted) (citations omitted)).

Unlike subject matter jurisdiction, personal jurisdiction is a personal protection for a defendant. *In re K.J.L.*, 363 N.C. at 346–47, 677 S.E.2d at 837–38. Therefore, "[d]eficiencies regarding the manner in which a court obtains jurisdiction over a party, including those relating to a summons, are waivable and must be raised in a timely manner." *Id.* at 346, 677 S.E.2d at 837. Specifically, Rule 12 explains that "[a] defense of lack of jurisdiction over the person . . . or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . . ." N.C.G.S. § 1A-1, Rule 12(h)(1). In summary, to timely assert a claim of insufficient service of process or lack of personal jurisdiction under the North Carolina Rules of Civil Procedure, a defendant

must assert those defenses at her first filing with the court, or she waives them. *See Simms*, 285 N.C. at 153, 203 S.E.2d at 775 (construing Rules 12(b)(2)–(5), (g), and (h)(1) together); *Lynch*, 302 N.C. at 197–98, 274 S.E.2d at 219.

Thus, if a defendant makes a general appearance without objecting to personal jurisdiction or the sufficiency of service of process, those defenses are waived, and the court may properly exercise personal jurisdiction. *Simms*, 285 N.C. at 157, 203 S.E.2d at 777 (harmonizing Rule 12 and N.C.G.S. § 1-75.7); *Lynch*, 302 N.C. at 197, 274 S.E.2d at 219 ("[A]ny act which constitutes a general appearance obviates the necessity of service of summons and waives the right to challenge the court's exercise of personal jurisdiction over the party making the general appearance."); *see also In re A.L.I.*, 380 N.C. 697, 701, 869 S.E.2d 704, 707 (2022) ("[P]articipat[ion] in . . . proceedings without raising an objection to the trial court exercising personal jurisdiction . . . waives any argument of insufficient service of process.").

In this way, lack of personal jurisdiction renders a court's actions voidable rather than void, and it is incumbent upon the defendant to preserve her objections by raising them at the first available opportunity. *See Voidable*, *Black's Law Dictionary* (11th ed. 2019) (defining "voidable" as "[v]alid until annulled" and "capable of being affirmed or rejected at the option of one of the parties"). Thus, if a defendant moves to invalidate the court's judgment for lack of personal jurisdiction at her first appearance in the action, the issue is preserved for review. And if the defendant's challenge prevails, the trial court may, in its discretion, set aside the void

judgment. N.C.G.S. § 1A-1, Rule 60(b)(4).

In this case, however, we are confronted with a defendant whose first appearance was a motion to claim exempt property wherein she did not object to personal jurisdiction or the sufficiency of service of process. We must determine whether that appearance waived her objections to personal jurisdiction and the sufficiency of service of process although it occurred *after* entry of the judgment. For our review, we assume, without deciding, that the Business Court correctly determined that plaintiff did not sufficiently serve process on defendant. Accordingly, we assume that, at the time it entered the judgment, the Business Court lacked personal jurisdiction over defendant and that, therefore, the defense was available to her.

The precise question we must answer is, by filing a motion to claim exempt property, did defendant make a general appearance in the underlying action? In other words, if defendant made a general appearance during the proceeding to enforce the judgment, is the general appearance "in [the] action"? N.C.G.S. § 1-75.7(1). Plaintiff argues that defendant made a general appearance in the action when she became aware of the judgment and appeared for the first time by moving to claim exempt property pursuant to N.C.G.S. § 1C-1603. We agree. By asking the Business Court to designate certain property as exempt from the judgment, defendant "invoke[d] the jurisdiction of the court and request[ed] its affirmative intervention [on her] behalf," submitting herself to the Business Court's adjudicatory power. *Simms*, 285 N.C. at

157, 203 S.E.2d at 777. She did not simultaneously object, however, to the Business Court's personal jurisdiction. She therefore made a general appearance. *See Lynch*, 302 N.C. at 197, 274 S.E.2d at 219; *see also Faucette*, 103 N.C. App. at 624, 406 S.E.2d at 605 (concluding a motion to claim exempt property was a general appearance). Moreover, defendant's general appearance was "in the action" because the judgment collection process is simply a continuation of the underlying action. *See* N.C.G.S. §§ 1-302 to -324.7, -352 (2021) (governing execution of judgments). Therefore, defendant made a general appearance in the action.

Our decision that defendant made a general appearance in the underlying action is informed by the Court of Appeals' thirty-three-year-old decision in *Faucette v. Dickerson*, which presented facts similar to the current case.[8] There the Court of Appeals held a general appearance made after the entry of a judgment waives objections to personal jurisdiction and the sufficiency of service of process such that the judgment may be enforced. *Faucette*, 103 N.C. App. at 624, 406 S.E.2d at 605. We agree.

In *Faucette*, the trial court entered default judgment against the defendant and issued her a notice of right to claim exemptions. 103 N.C. App. at 621, 406 S.E.2d at 603. The defendant submitted a motion to claim exempt property. *Id.* Sometime

---

[8] Notably, the Court of Appeals panel in *Faucette* included two future associate justices of this Court: Robert Orr and James Wynn. *Faucette*, 103 N.C. App. at 622, 624, 406 S.E.2d at 604–05.

thereafter, she filed a motion to set aside the default judgment for insufficient service of process, which the trial court dismissed. *Id.* at 621, 623, 406 S.E.2d at 603–04. The Court of Appeals unanimously affirmed, reasoning that when "the defendant by motion or otherwise invokes the adjudicatory powers of the court in any other matter not directly related to the questions of jurisdiction, [s]he has made a general appearance and has submitted [her]self to the jurisdiction of the court whether [s]he intended to or not." *Id.* at 624, 406 S.E.2d at 605 (quoting *Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E.2d 279, 288 (1978)). Relying on N.C.G.S. § 1-75.7, the Court of Appeals held that the defendant's motion to claim exempt property was a general appearance that waived her objections to personal jurisdiction and the sufficiency of service of process. *Id.* at 623–24, 406 S.E.2d at 605 (stating the defendant's "motion to claim exempt property . . . was inconsistent with her later motion for relief from judgment on the grounds of the invalidity of service of process").[9]

We adopt *Faucette*'s reasoning and hold that when a defendant makes a

---

[9] The *Faucette* decision has been relied upon by subsequent Court of Appeals opinions. *See MedStaff Carolinas, LLC v. Northwood Nursing Ctr., Inc.*, No. 04-1281, slip op. at 7 (N.C. Ct. App. Aug. 16, 2008) (unpublished) (observing that the defendant "appropriate[ly]" abandoned his personal jurisdiction defense when he had moved to claim exempt property before moving to vacate the judgment because *Faucette* had "conclusively answered the issue [of whether the trial court had personal jurisdiction] against [him]"); *State v. Williams*, No. 13-47, slip op. at 7–8 (N.C. Ct. App. Oct. 15, 2013) (unpublished) ("[A]lthough the filing of a proper complaint is required to vest the trial court with subject matter jurisdiction under the Rules of Civil Procedure, the defenses of insufficiency of process and insufficiency of service of process may be waived, and, therefore, do not impact subject matter jurisdiction." (first citing *Estate of Livesay v. Livesay*, 219 N.C. App. 183, 185–86, 723 S.E.2d 772, 774 (2019); then citing *City of Charlotte v. Noles*, 143 N.C. App. 181, 183, 544 S.E.2d 585, 586 (2001); and then citing *Faucette*, 103 N.C. App. at 623, 406 S.E.2d at 605)).

general appearance in an action after the entry of a judgment, she waives any

objections to the lack of personal jurisdiction or the sufficiency of service of process if

she does not raise those objections at that time. Under such circumstances, the

judgment may be enforced notwithstanding subsequent attempts to invalidate the

judgment for lack of personal jurisdiction.[10] When a defendant's first appearance is

---

[10] We pause to observe that, although the dissent cites several decisions of this Court and the Supreme Court of the United States to arrive at its conclusion that a post-judgment general appearance does not validate a judgment rendered when the court was without personal jurisdiction, *none* of the cases cited by the dissent confronted the procedural posture presented in this case. Rather, in the cases cited by the dissent, this Court (or the Supreme Court of the United States) faced either special appearances before the judgment, *Vick v. Flournoy*, 147 N.C. 209, 212, 60 S.E. 978, 979 (1908); collateral attacks on the validity of a judgment, *see Pennoyer v. Neff*, 95 U.S. 714, 719–20 (1877), *overruled on other grounds by Shaffer v. Heitner*, 433 U.S. 186, 97 S. Ct. 2569 (1977); *Card v. Finch*, 142 N.C. 140, 140–43, 54 S.E. 1009, 1009–10 (1906); *Stafford v. Gallops*, 123 N.C. 19, 20–21, 31 S.E. 265, 266 (1898); *Doyle v. Brown*, 72 N.C. 393, 393 (1875); *Burke v. Elliott*, 26 N.C. (4 Ired.) 355, 355–58 (1844); or cases where the defendant's *very first action* was to attack the validity of the judgment, *see Harris v. Hardeman*, 55 U.S. (14 How.) 334, 335–36 (1852); *Guthrie v. Ray*, 293 N.C. 67, 68, 235 S.E.2d 146, 147 (1977); *N. State Fin. Co. v. Leonard*, 263 N.C. 167, 168, 139 S.E.2d 356, 357 (1964); *Harrington v. Rice*, 245 N.C. 640, 641, 97 S.E.2d 239, 240 (1957); *Bd. of Comm'rs v. Bumpass*, 233 N.C. 190, 192, 63 S.E.2d 144, 145–46 (1951); *City of Monroe v. Niven*, 221 N.C. 362, 363, 20 S.E.2d 311, 311–12 (1942); *Guerin v. Guerin*, 208 N.C. 457, 458–59, 181 S.E. 274, 275 (1935); *Harrell v. Welstead*, 206 N.C. 817, 818, 175 S.E 283, 283 (1934); *Simmons v. Defiance Box Co.*, 148 N.C. 344, 344–45, 62 S.E. 435, 435 (1908); *Harrison v. Harrison*, 106 N.C. 282, 283, 11 S.E. 356, 357 (1890); *Stancill v. Gay*, 92 N.C. 455, 455–57, 463 (1885); *Armstrong v. Harshaw*, 12 N.C. (1 Dev.) 187, 187–88 (1827); *Macher v. Macher*, 188 N.C. App. 537, 539, 656 S.E.2d 282, 283 (2008), *aff'd*, 362 N.C. 505, 666 S.E.2d 750 (2008) (per curiam); *cf. In re K.J.L.*, 363 N.C. at 344–45, 677 S.E.2d at 836–37 (challenging subject matter jurisdiction in appeal from judgment). In the circumstances presented in these prior cases, a judgment obtained without service of process may be rightfully declared void, and as a result, the affected party can assert that the judgment has no force and effect. This case, by contrast, did not involve a collateral attack, and defendant's first action was not to attack the validity of the judgment. Rather, defendant first appeared in the same proceeding to claim exempt property, availing herself of our state's laws to resist enforcement of the judgment. As such, the defect to the judgment was waived.

Moreover, we note that nearly all of the cases cited by the dissent on this point predated the adoption of our modern North Carolina Rules of Civil Procedure, *see* An Act to Amend the Laws Relating to Civil Procedure, ch. 954, 1967 N.C. Sess. Laws 1274–1354

to move to claim exempt property, it is fair and not unduly burdensome to require a defendant to raise any objections to the judgment that she may have at that time.

Here, as we have said, defendant made a general appearance in the action when she moved to claim exempt property. She did not, however, object to personal jurisdiction or the sufficiency of service of process until over three months later. Because defendant did not raise her objections when she moved to claim exempt property, she waived them, and the Business Court's judgment may be enforced.

Defendant relies on a contrary line of Court of Appeals cases, specifically *Dowd v. Johnson*, 235 N.C. App. 6, 12, 760 S.E.2d 79, 84 (2014). She maintains that a general appearance made after the entry of a judgment by a court that lacked personal jurisdiction cannot retroactively render the judgment enforceable. Her argument is unavailing for several reasons.

At the outset, her reliance on *Dowd* is misplaced. In *Dowd*, the Court of Appeals stated that to waive objections to personal jurisdiction and the sufficiency of service of process, a general appearance must occur before the entry of a judgment. *Id.* For this proposition, the court in *Dowd* relied on an earlier decision of the Court of Appeals: *Barnes v. Wells*, 165 N.C. App. 575, 579–80, 599 S.E.2d 585, 589–90 (2004) (finding that the general-appearance cases cited by the petitioner were "inapplicable because [the] respondent never made a general appearance before entry of the final

---

(codified at N.C.G.S. §§ 1-75.1 to -75.12; 1A-1, Rules 1–44, 45–65, 68–68.1, 70, 84), which we have explained recognizes the nuances of void versus voidable judgments.

order"). Although decided after *Faucette*, both *Barnes* and *Dowd* failed to account for *Faucette*'s explicit holding that a general appearance after entry of a judgment waives objections to personal jurisdiction and the sufficiency of service of process. Therefore, the *Barnes-Dowd* line of cases misapplied the Court of Appeals' own precedent in contravention of *In re Appeal from Civil Penalty Assessed for Violations of the Sedimentary Pollution Control Act*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Insofar as *Barnes* and *Dowd* suggest that a general appearance must be made before the entry of the judgment to waive objections to personal jurisdiction and the sufficiency of service of process, they are hereby expressly overruled.

Additionally, our decision more appropriately adheres to the modern distinction between subject matter jurisdiction and personal jurisdiction. As we have explained, when a court lacks subject matter jurisdiction, its actions are void, and objections thereto cannot be waived. When the court lacks personal jurisdiction, however, its actions are merely voidable. The defendant must therefore attack the action's validity at the first available opportunity; otherwise, the objection is waived. *Compare In re K.J.L.*, 363 N.C. at 345–46, 677 S.E.2d at 837 ("The existence of subject matter jurisdiction is a matter of law[,] and . . . . a court's lack of subject matter jurisdiction is not waivable and can be raised at *any* time." (emphasis added)

(citations omitted)), *with id.* at 346–47, 677 S.E.2d at 837–38 ("Deficiencies regarding the manner in which a court obtains jurisdiction over a party, including those relating to a summons, are waivable and must be raised in a timely manner. *Generally, such deficiencies can be cured.*" (emphasis added) (citation omitted)). Therefore, the power to contest the personal jurisdiction of the court and the sufficiency of service of process lies with the defendant, and the defendant fails to exercise that power at her own peril. It would be incongruous for us to allow a defendant to waive those objections before the judgment but not afterward.[11] Therefore, whether pre- or post-judgment, a defendant must assert defenses concerning personal jurisdiction or the sufficiency of service of process at the first available opportunity, or they are waived.[12]

---

[11] *Cf. Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) ("A defense of lack of jurisdiction is forfeited if not asserted in a timely motion to dismiss under Rule 12 or a responsive pleading or amendment of such . . . [, and a] motion to vacate under Rule 60(b) for lack of jurisdiction is essentially equivalent to a Rule 12(b)(2) motion to dismiss for lack of jurisdiction.").

[12] Consistent with our analysis, several Federal Circuit Courts of Appeals interpreting Rule 60(b) of the Federal Rules of Civil Procedure have held that a defendant waives objections to the validity of the judgment based on personal jurisdiction or the sufficiency of service of process if she fails to raise them at her first available opportunity after the judgment. *See, e.g.*, *Swaim*, 73 F.3d at 716–18; *In re Worldwide Web Sys., Inc.*, 328 F.2d 1291, 1298–1302 (11th Cir. 2003); *cf. State St. Bank & Tr. Co. v. Inversiones Errazuiz Limitada*, 374 F.3d 158, 178–79 (2d Cir. 2004); *Feldman Inv. Co. v. Conn. Gen. Life Ins. Co.*, 78 F.2d 838, 841 (10th Cir. 1935). As we have previously observed, "[t]he North Carolina Rules [of Civil Procedure] are modeled after the [F]ederal [R]ules [of Civil Procedure]," and "[i]n most instances, they are verbatim copies with the same enumerations." *Sutton v. Duke*, 277 N.C. 94, 99, 176 S.E.2d 161, 164 (1970). Indeed, except for a few minor differences in phraseology, Rule 60(b) of the North Carolina Rules of Civil Procedure is identical to Rule 60(b) of the Federal Rules of Civil Procedure. *Compare* N.C.G.S. § 1A-1, Rule 60(b), *with* Fed. R. Civ. P. 60(b). Accordingly, although we emphasize that federal cases construing the Federal Rules of Civil Procedure are not binding on this Court, *see Hart v. State*, 368 N.C. 122, 130, 774 S.E.2d 281, 287 (2015) ("As the court of last resort in this state, we answer with finality 'issues concerning the proper construction and application of North Carolina laws . . . .'"

Moreover, our holding aligns with the practical considerations of post-judgment procedure. If we were to adopt a contrary rule, a defendant could appear before a court without contesting personal jurisdiction or the sufficiency of service of process and go through months—or even years—of post-judgment proceedings. All the while, the defendant would hold a trump card in her back pocket: if she received an unfavorable ruling, she could undo years of litigation by moving to vacate the judgment as void. A final judgment cannot rest upon such a flimsy foundation.

Because defendant moved to claim exempt property after judgment without raising her objection to the sufficiency of service of process, she made a general appearance in the action and waived her objections to the sufficiency of service of process and personal jurisdiction. We also hold that with respect to the Business Court's decision to deny defendant's Rule 60(b)(6) motion, it did not abuse its discretion. *See State v. McGrady*, 368 N.C. 880, 893, 787 S.E.2d 1, 11 (2016) (stating that a trial court abuses its discretion if its decision is manifestly unsupported by reason and could not have been the result of a reasoned decision). The decision of the Business Court is affirmed.

AFFIRMED.

---

(quoting *State ex rel. Martin v. Preston*, 325 N.C. 438, 449, 385 S.E.2d 473, 479 (1989)), we consider the aforementioned cases as "pertinent for guidance and enlightenment as we develop the philosophy of" our Rules of Civil Procedure, *Johnson v. Johnson*, 14 N.C. App. 40, 42, 187 S.E.2d 420, 421 (1972).

Justice RIGGS dissenting.

Two centuries ago, this Court recognized "a principle never to be lost sight of, that no person should be deprived of his property or rights without notice and an opportunity of defending them. This right is guaranteed by the [state] Constitution. . . . A judgment entered up otherwise would be a mere nullity." *Hamilton v. Adams*, 6 N.C. (1 Mur.) 161, 162 (1812). The same is true under our federal constitution. *See, e.g., Pennoyer v. Neff*, 95 U.S. 714 (1877) (holding that a judgment rendered against a person by a court without personal jurisdiction is void as violating federal due process). In vindication of this right, we have previously held that "[a] default judgment rendered against a defendant in an action where he has never been served with process returnable to the proper county, nor appeared in person or by attorney, *is not simply voidable, but void.*" *Harrell v. Welstead*, 206 N.C. 817, 819 (1934) (emphasis added). This is irrespective of any post-judgment appearance, as "[e]very court, *before it can enter a lawful judgment*, must have jurisdiction, (1) of the subject-matter, *and (2) of the person.*" *Stafford v. Gallops*, 123 N.C. 19, 22 (1898) (emphasis added); *see also Harrell*, 206 N.C. at 820 ("The one fatal circumstance [to the validity of the judgment], which is not to be overlooked, is that no appearance of any kind was made by the corporate defendant *before judgment* cutting off its right to be heard on the merits."). Because the majority's holding is contrary to these precedents and erodes the due process rights enshrined in our state

and federal constitutions, I respectfully dissent.

## I.  Personal Jurisdiction as Fundamental Constitutional Protection

My objection to the majority's holding in this case stems in no small part from a solemn respect for and desire to fully vindicate the rights enshrined in our state and federal constitutions.  A discussion of personal jurisdiction's constitutional character, missing from the majority, is warranted.

The requirement of personal jurisdiction is not merely a procedural safeguard—just as with subject-matter jurisdiction, the necessity of personal jurisdiction is "a basic, fundamental principle" of constitutional provenance.  *Bryson v. McCoy*, 194 N.C. 91, 93 (1927).  Early decisions of this Court recognize that "[t]he Constitution and laws of the country guarantee the principle that no freeman shall be divested of a right by the judgment of a court, unless he shall have been made party to the proceedings in which it shall have been obtained."  *Armstrong v. Harshaw*, 12 N.C. (1 Dev.) 187, 188 (1827).  The United States Supreme Court has likewise remarked that:

> it would seem to be a legal truism, too palpable to be elucidated by argument, that no person can be bound by a judgment, or any proceeding conducive thereto, to which he never was party or privy; that no person can be in default with respect to that which it never was incumbent upon him to fulfil.

*Harris v. Hardeman*, 55 U.S. 334, 339 (1852).

Thus, entry of a judgment without personal jurisdiction over an affected party contravenes "the Bill of Rights, as well as . . . every conceivable principle of natural

justice." *Harrison v. Harrison*, 106 N.C. 282, 283 (1890). Both subject-matter and personal jurisdiction have long been understood to be essential to the validity of a judgment. *Stafford*, 123 N.C. at 22. And our state and federal constitutions thus demand that a trial court have both subject-matter jurisdiction over the action *and* personal jurisdiction over the parties *before* judgment is entered. *Id.*; *Harrell*, 206 N.C. at 820; *see also Burke v. Elliott*, 26 N.C. (1 Ired.) 355, 358 (1844) ("[T]he court is forbidden to enter judgment until notice is served."); *Vick v. Flournoy*, 147 N.C. 209, 215 (1908) ("There is no doubt of the correctness of the position . . . that a valid judgment strictly *in personam cannot be had* unless there *has been* a voluntary appearance by defendant or there *has been* service of process upon him within the jurisdiction of the court . . . ." (emphases added)). In short, as a predicate constitutional concern, "[j]urisdiction of the party, obtained by the court in some way allowed by law, is essential to *enable* the court to give a valid judgment against him." *Stancill v. Gay*, 92 N.C. 462, 463 (1885) (emphasis added). No statute can diminish this constitutional guaranty. *Bayard v. Singleton*, 1 N.C. (Mart.) 5 (1787).

The majority uniformly holds that entry of a judgment without personal jurisdiction renders the judgment voidable, not void. This is plainly contrary to the longstanding constitutional principles outlined above and the overwhelming weight of authority enforcing them. *See Harris*, 55 U.S. at 339 ("[A] judgment depending upon proceedings *in personam* can have no force as to one on whom there has been no service of process . . . . That with respect to such a person, such a judgment is

absolutely void . . . ."); *Doyle v. Brown*, 72 N.C. 393, 395 (1875) ("Where a defendant has never been served with process, nor appeared in person, or by attorney, a judgment against him is not simply voidable, but void . . . ."); *Card v. Finch*, 142 N.C. 140, 144 (1906) ("It is axiomatic, at least in American jurisprudence, that a judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void and may be treated as a nullity whenever it is brought to the attention of the Court.").

Nor can I agree that, in all cases, the judgment debtor must assert a personal jurisdiction argument at the earliest opportunity. *See Doyle*, 72 N.C. at 395 ("Where a defendant has never been served with process, nor appeared in person, or by attorney, a judgment against him is not simply voidable, but void; and it may be so treated *whenever* and wherever offered . . . ." (emphasis added)); *Harrison*, 106 N.C. at 285 ("Something more than bare notice is necessary to estop one from setting aside a void proceeding. Neither can a delay in making this motion preclude them.").

## II. Voidable Procedural Irregularities vs. Void Judgments

To be sure, this Court has held that when the face of the record suggests that service is valid but no such service actually occurred, the judgment may be enforced until challenged and vacated in the underlying action. *Doyle*, 72 N.C. at 395. And the majority is certainly correct to note that *some* defects in service are curable. *See In re K.J.L.*, 363 N.C. 343, 346 (2009) ("Deficiencies regarding the manner in which a court obtains jurisdiction over a party, including those relating to a summons, are

waivable and must be raised in a timely manner. *Generally*, such deficiencies can be cured." (emphasis added) (citation omitted)). But, contrary to the holding of the majority in this case, we have previously distinguished void and voidable judgments in the context of service of process by explaining that "[d]efective service has given rise to many irregularities in the course of the courts, but it will be found that they do not render the final judgment void, but only irregular, *unless the defect is such as to amount to no service.*" *Stafford*, 123 N.C. at 22–23 (emphasis added); *see also Guerin v. Guerin*, 208 N.C. 457, 458 (1935) ("Since the defendant, the movant, has never been given notice of any action pending against her in Alamance County, she has never been served with process, and for that reason the judgment entered against her was void and her motion to set the same aside was properly allowed."). *Defects* in process or service of process may render a judgment voidable, but a *lack* of service of process renders it void. *Stafford*, 123 N.C. at 22–23.

Here, the trial court determined that no service was ever accomplished in this case *prior to* judgment—a ruling the majority sees fit to assume without disturbing, and with which I agree. The lack of personal jurisdiction pre-judgment is fatal to the judgment's validity, as "[n]otice and an opportunity to be heard are *prerequisites* of jurisdiction, and jurisdiction is a *prerequisite* of a valid judgment." *Bd. of Comm'rs of Roxboro v. Bumpass*, 233 N.C. 190, 195 (1951) (citations omitted) (emphasis added). In such circumstances, a judgment is void and not merely voidable. *See, e.g., Simmons v. Defiance Box Co.*, 148 N.C. 344, 345 (1908) (noting a judgment procured

through fraud on a party is voidable, but a facially regular judgment entered when "in fact there was no service of summons nor appearance by the defendant . . . is void").

The proposition that a lack of service in fact and related absence of personal jurisdiction renders a judgment void has been reaffirmed many times by our Court. For example, in *City of Monroe v. Niven*, the plaintiff obtained a judgment and, while a summons was returned showing service on all defendants, only one defendant had been served. 221 N.C. 362, 363 (1942). The lower court held that this lack of service rendered the judgment voidable rather than void and denied the unserved defendants' motion to vacate. *Id.* at 364. We reversed, holding that the judgment was "void in fact" for lack of personal jurisdiction and that the defendant's post-judgment appearance did not serve to validate the void judgment, as "[a] nullity is a nullity, and out of nothing nothing comes. *Ex nihilo nihil fit* is one maxim that admits of no exception." *Id.* at 364–65 (quoting *Harrell*, 206 N.C. at 819).

This position is further reinforced in cases dealing directly with judgments entered following default. *See Simmons*, 148 N.C. at 345–46 ("Where the summons was not served on defendant and he did not enter an appearance nor have any knowledge of the action until *after* default judgment, the judgment is void . . . ." (quoting *Doyle*, 72 N.C. at 393 (emphasis added)). Decades after *Doyle*, we explicitly held in *Harrell* that such judgments entered without service are "not simply voidable, but void, and will be set aside on motion." 206 N.C. at 819. Subsequently, in *North*

*State Finance Co. v. Leonard*, we held a default judgment—entered against a defendant the trial court later found was never served—was likewise entirely void as a nullity. 263 N.C. 167, 170–71 (1964). Even more plainly, we stated in *Harrington v. Rice* that "[i]f in fact the summons and complaint were not served on the . . . defendant . . . , the default judgment . . . is void." 245 N.C. 640, 642 (1957). This legal maxim has survived the adoption of and remains in force under our Rules of Civil Procedure. *See, e.g., Guthrie v. Ray*, 293 N.C. 67, 71 (1977) ("If, in fact, the summons and complaint were not served upon defendant as prescribed by G.S. 1A-1, Rule 4(j)(1)(a), the default judgment . . . and the judgment . . . assessing damages against him are void and must be set aside."). In short, I would adhere to precedents establishing that "[a] judgment against a defendant is void where the court *was* without personal jurisdiction." *Macher v. Macher*, 188 N.C. App. 537, 539 (emphasis added), *aff'd per curiam*, 362 N.C. 505 (2008).

### III. General Appearance

Even if a judgment entered without personal jurisdiction is merely voidable, and thus waivable by a post-judgment general appearance, I would not hold that Ms. Barber's motion to claim exemptions was such an appearance, because the mere filing of her motion did not "invoke[ ] the *judgment* of the court in any manner on any question other than that of . . . jurisdiction." *Lynch v. Lynch*, 302 N.C. 189, 197 (1981) (emphasis added) (quoting *In re Blalock*, 233 N.C. 493, 504 (1951).

The filing of a motion to claim exemptions does not, in and of itself, call upon

the trial court to exercise its judgment or adjudicate a dispute in any meaningful sense; unless opposed by objection and motion from the judgment creditor, "the clerk *must* enter an order designating the property allowed by law and scheduled by the judgment debtor as exempt property." N.C.G.S. § 1C-1603(e)(6) (2021) (emphasis added). It is only when "the judgment creditor objects to the schedule filed or claimed by the judgment debtor [that] the clerk must place the motion for hearing by the district court judge, without a jury, at the next civil session." N.C.G.S. § 1C-1603(e)(7) (2021). The trial court therefore does not exercise any judgment unless and until it holds a hearing to resolve the judgment creditor's objections. Here, while Mr. Slattery did file an objection triggering such a hearing, Ms. Barber filed her motion to set aside the default and judgment prior to said hearing, and thus raised her personal jurisdiction objection prior to appearing in any adjudicatory proceeding.

## IV.    Remaining Arguments

In its remaining arguments, the majority reevaluates our state and federal constitutions' precondition of personal jurisdiction under a "modern" lens. I am not convinced by that approach. Many of our sister courts have not adopted the view espoused by the majority. *See, e.g., McCulley v. Brooks & Co. General Contractors*, 816 S.E.2d 270, 273–74 n.4 (Va. 2018) (collecting cases holding a post-judgment appearance cannot retroactively validate a judgment void for want of personal jurisdiction when entered). This Court's own "modern" jurisprudence confirms that judgments entered without personal jurisdiction are void and not merely voidable.

*See Hazelwood v. Bailey*, 339 N.C. 578, 586 (1995) ("[W]e believe that this Court today would reach the same result[ ] as th[at] reached by this Court in *Harrell* in 1934 . . . .").

As for the practical considerations raised by the majority concerning finality and gamesmanship, other jurisdictions held decades ago that a judgment void for lack of personal jurisdiction cannot be saved by a post-judgment appearance, and those states do not appear to have suffered any of the ill-effects theorized by the majority. *Doyle v. Wilcockson*, 169 N.W. 241, 244 (Iowa 1918); *Gallagher v. Nat'l Nonpartisan League,* 205 N.W. 674, 675–76 (N.D. 1925); *Perry v. Edmonds,* 84 P.2d 711, 713 (Nev. 1938); *Irving Tr. Co. v. Seltzer*, 40 N.Y.S.2d 451, 456 (1943); *Jones v. Colescott*, 307 P.2d 464, 465 (Colo. 1957); *Bulik v. Arrow Realty, Inc. of Racine*, 434 N.W.2d 853, 855 (Wis. Ct. App. 1988). And regardless of the majority's holding today, civil judgments void for lack of personal jurisdiction generally remain subject to challenge years after entry under Rule 60(b). *See, e.g., Freeman v. Freeman*, 155 N.C. App. 603, 608 (2002) (holding a divorce judgment was void and must be set aside under Rule 60(b) seventeen years after entry when the trial court's findings established the defendant had never been served despite her purported signature on an acceptance of service), *disc. rev. denied*, 357 N.C. 250 (2003).

The majority's invocation of a hypothetical bad actor is similarly unpersuasive. It is unclear what favorable ruling a judgment debtor might seek to receive while knowingly allowing a void civil judgment—in this case, in the enormous sum of

$2,000,000—to hang over their affairs like a judicial Sword of Damocles.[1]  The same risk of gamesmanship already exists where subject matter jurisdiction is concerned. Any attorney who purposefully counsels their client and knowingly assists in such a scheme would run the risk of violating our Rules of Professional Conduct in their obligations to the client, the court, and opposing parties.  N.C. R. Pro. Conduct 3.1 ("Meritorious claims and contentions"), 3.3 ("Candor toward the tribunal"), 4.1 ("Truthfulness in statements to others"), and 8.4 ("Misconduct").  I do not believe the protections of our state and federal constitutions are subject to erosion because of remote hypotheticals involving imagined parties purposefully proceeding in bad faith.

## V.    Conclusion

" 'Due process of law' requires that service of process shall always be made." *Bernhardt v. Brown*, 118 N.C. 700, 705 (1896).  Here, the judgment was entered after default and without personal jurisdiction over the defendant, and thus was null and void on entry.  *Stafford*, 123 N.C. at 22; *Guthrie*, 293 N.C. at 71; *Roxboro*, 233 N.C. at 195.  Notwithstanding the constitutional command that no judgment is validly entered under such circumstances, the majority nonetheless holds that lack of personal jurisdiction renders a judgment merely voidable, and Ms. Barber retroactively supplied personal jurisdiction through a general appearance.  At a

---

[1] The negative impacts of an outstanding civil judgment extend beyond the legal realm.  In addition to subjecting future real and personal property to ongoing claims in execution of the judgment, N.C.G.S. § 1-313, a civil judgment—viewable by anyone as a public record—may affect a person's ability to afford or obtain insurance, credit, or rental housing.

minimum, our precedents and the facts of this case do not demand such a holding and, as detailed above, I believe they—along with our State and federal constitutions—compel the opposite result. As other courts have observed, "ruling otherwise . . . 'defies logic and common sense.'" *McCulley*, 816 S.E.2d at 274 (quoting *Abarca v. Henry L. Hanson, Inc.*, 738 P.2d 519, 520 (N.M. Ct. App. 1987)). Or, put more colorfully, "[j]ust as medicine may cure a sick man of a fatal disease but not revive him after his burial, a litigant can 'cure' the absence of personal jurisdiction by making a general appearance prior to final judgment but cannot resurrect a void judgment thereafter." *McCulley*, 816 S.E.2d at 273. I respectfully dissent.

Justice EARLS joins in this dissenting opinion.